```
David A. Tilem (Bar No. 103825)
LAW OFFICES OF DAVID A. TILEM
206 N. Jackson Street, #201
Glendale, California 91206
Telephone: (818) 507-6000
Facsimile: (818) 507-6800

Attorneys for Debtors and
Debtors-In-Possession
```

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

WOODLAND HILLS DIVISION

| | |
|---|---|
| In re: | Case No. 1:09-21502-MT |
| | Chapter 11 |
| THE ANDALUCIA PROJECT, LLC | **DEBTOR'S RESPONSE TO NAT MANAGEMENT OBJECTION TO DISCLOSURE STATEMENT** |
| | Date: March 8, 2010 |
| | Time: 10:00 a.m. |
| Debtors. | Ctrm: 302 |
| | 21041 Burbank Blvd. |
| | Woodland Hills, CA 91367 |

Debtor filed its proposed Plan and Disclosure Statement on January 21, 2010. NAT Management Group Inc. ("NAT") filed an Objection ("Obj") on February 22, 2010. This is Debtor's response.

NAT's first complaint (Obj 4:8-12)[1] is that the Disclosure Statement does not contain information about the source of funds to meet obligations coming due under the plan after the first six months. Debtor will amend the document to insert the

---

[1] Page and line numbers are referred to as x:y-z where x is the page number of the Obj and y and z are the beginning and ending line numbers.

> Payments coming due under the Plan Note shall be paid either from rental income being generated by the Property or from periodic capital infusions from Debtor's principals. The amount of rental income being generated by the Property is evidenced by the Monthly Operating Reports which have been filed with the Office of the United States Trustee and which are available either from that office or from the offices of Debtor's counsel for a nominal per page fee.

The new text will be inserted in the Creditor Treatment Box (which starts on page 10) at some appropriate point in the text related to NAT's claim.

NAT's next complaint (Obj 4:14-16) is that there is no time projection for approval of the development permits. This objection has no bearing on the payment of any claims. The payment of claims under the Plan is not contingent upon Debtor's moving forward with the redevelopment plan for the Property and indeed, Debtor has decided to hold the property in inventory and delay the construction project for some period of months or years. As such, the requested information is not relevant.

NAT's next complaint (Obj 4:16-18) is that timing and costs to carry the property through development are relevant to feasibility. Since Debtor does not intend to pursue the development at this time, those factors are no longer relevant.

NAT's next complaint (Obj 4:19-2) is that the Disclosure Statement contains none of the information one would expect to see for a construction project. That is simply because the Debtor has shelved the construction project at this time and intends, instead, to hold the property in inventory.

/ / /

/ / /

1     NAT's next complaint (Obj 5:3-9) is that copies of Mr. Aslanian's bank statements showing more than sufficient funds on hand to fund the Plan are somehow inadequate. If the Court feels that additional information is necessary, the Debtor and Mr. Aslanian will provide it, however, no matter how much information is provided, it will always be vulnerable to the argument (made by NAT in the Obj 5:7-9) that future events could make the funds unavailable.

    NAT's next complaint (Obj 5:10) is a repeat of the prior complaint that information regarding funding past the first six months is not provided. The proposed amendment should resolve that issue.

    NAT's next complaint (Obj 5:11-19) is repeat of the argument that no information is provided about the redevelopment process or funding. Since the Debtor does not presently intend to pursue the construction project, the argument is moot.

    NAT's feasibility argument is entirely moot since Debtor does not intend to pursue the redevelopment project at this time. Instead, Debtor has provided hard evidence, a bank statement, of the ability to make payments due under the Plan. As pointed out in the authorities cited by NAT, nothing more is required.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

NAT wraps up its opposition by arguing that, without information about the potential financing to fund the construction project, the Plan is not feasible and cannot be confirmed.  While Debtor believes it will eventually undertake the project, the Debtor is content to wait months or years until market conditions change.  In the interim, Debtor has provided ample evidence that it can meet the obligations proposed under the Plan.  As such, the Disclosure Statement, with the change proposed above, should be approved.

Date: March 2, 2010　　　　　　　　　　　　LAW OFFICES OF DAVID A. TILEM

　　　　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　　　David A. Tilem, Attorneys
　　　　　　　　　　　　　　　　　　　　　　　for Debtor in Possession

| In re: The Andalucia Project, LLC | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 1:09-21502-MT |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
206 N. Jackson Street, Suite 201
Glendale, CA 91206

A true and correct copy of the foregoing document described as _Debtor's Response to NAT Management Objection to Disclosure Statement_ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _3/2/10_ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☑ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _3/2/10_ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Susan Vaage
Miguel Ortiz, Esq.
500 N. Brand Blvd., #1030
Glendale, CA 91203

Katherine Bunker
United States Trustee
21051 Warner Center Lane #115
Woodland Hills, CA 91367

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _3/2/10_ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Maureen A. Tighe (Personal Service)
United States Bankruptcy Court
21041 Burbank Blvd., #325
Woodland Hills, CA 91367-6606

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 3/1/10 | Malissa Murguia | _Malissa Murguia_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

| In re: The Andalucia Project, LLC | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 1:09-21502-MT |

**ADDITIONAL SERVICE INFORMATION (if needed):**

* Katherine Bunker    kate.bunker@usdoj.gov
* Sylvia Ho    SylviaHo@TilemLaw.com, malissamurguia@tilemlaw.com;marcycarman@tilemlaw.com; ldiaz@tilemlaw.com;dianachau@tilemlaw.com
* Miguel A Ortiz    mortiz@grahamvaagelaw.com
* David A Tilem    davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;marcycarman@tilemlaw.com; ldiaz@tilemlaw.com;dianachau@tilemlaw.com
* United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
* Susan L Vaage    svaage@grahamvaagelaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1