David A. Tilem (Bar No. 103825)
LAW OFFICES OF DAVID A. TILEM
206 N. Jackson Street, Suite 201
Glendale, California 91206
Telephone:(818) 507-6000
Facsimile:(818) 507-6800
DavidTilem@TilemLaw.com

Attorneys for Debtors and
Debtors-In-Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WOODLAND HILLS DIVISION

| | |
|---|---|
| In re:<br><br><br><br><br>THE ANDALUCIA PROJECT, LLC<br><br><br><br>                    Debtor. | ) Case No. 1:09-21502-MT<br>)<br>) Chapter 11<br>)<br>) **DEBTOR'S FIRST AMENDED**<br>) **DISCLOSURE STATEMENT AND PLAN**<br>) **OF REORGANIZATION**<br>)<br>) PLAN CONFIRMATION HEARING<br>) Date: May 10, 2010<br>) Time: 11:00 a.m.<br>) Ctrm: 302<br>)     21041 Burbank Blvd.<br>)     Woodland Hills, CA 91367 |

# **TABLE OF CONTENTS**

I.      INTRODUCTION . . . . . . . . . . . . . . . . 1

II.     GENERAL DISCLAIMER AND VOTING PROCEDURE . . . . . . . 2

III.    WHO MAY OBJECT TO CONFIRMATION OF THE PLAN . . . . . . 3

IV.     WHO MAY VOTE TO ACCEPT OR REJECT THE PLAN . . . . . . . 3

V.      VOTES NECESSARY TO CONFIRM THE PLAN . . . . . . . . . . 5

VI.     INFORMATION REGARDING VOTING IN THIS CASE . . . . . . . 6

VII.    DESCRIPTION OF DEBTOR'S PAST AND FUTURE BUSINESS
        AND EVENTS PRECIPITATING BANKRUPTCY FILING . . . . . . . 6

VIII.   PRE-CONFIRMATION REQUIREMENTS OF DEBTOR . . . . . . . . 7

IX.     CRITICAL PLAN PROVISIONS . . . . . . . . . . . . . . 8

X.      DESCRIPTION AND TREATMENT OF CLAIMS . . . . . . . . . 9

XI.     SOURCE OF MONEY TO PAY CLAIMS AND INTEREST-HOLDERS . . . 15

XII.    ASSETS AND LIABILITIES OF THE ESTATE . . . . . . . . . 16

XIII.   TREATMENT OF NON-CONSENTING CLASSES . . . . . . . . . 17

XIV.    TREATMENT OF NONCONSENTING MEMBERS OF CONSENTING
        CLASS (CHAPTER 7 LIQUIDATION ANALYSIS) . . . . . . . 18

XV.     FUTURE DEBTOR . . . . . . . . . . . . . . . . . 19

XVI.    SALE OR TRANSFER OF PROPERTY; ASSUMPTION OF
        CONTRACTS AND LEASES; OTHER PROVISIONS . . . . . . . . 21

XVII.   BANKRUPTCY PROCEEDINGS . . . . . . . . . . . . . . 21

XVIII.  TAX CONSEQUENCES OF PLAN . . . . . . . . . . . . . 22

XIX.    EFFECT OF CONFIRMATION OF PLAN . . . . . . . . . . . 22

XX.     DECLARATION IN SUPPORT OF DISCLOSURE
        STATEMENT AND PLAN . . . . . . . . . . . . . . . 25

XXI.    EXHIBIT A . . . . . . . . . . . . . . . . . . 26

XXII.   EXHIBIT B . . . . . . . . . . . . . . . . . . 28

XXIII.  EXHIBIT C . . . . . . . . . . . . . . . . . . 30

XXIV.   EXHIBIT D . . . . . . . . . . . . . . . . . . 32

XXV.    EXHIBIT D-1 . . . . . . . . . . . . . . . . . . . 35

XXVI.   EXHIBIT E . . . . . . . . . . . . . . . . . . . . 38

XXVII.  EXHIBIT F . . . . . . . . . . . . . . . . . . . . 40

XXVIII. EXHIBIT G . . . . . . . . . . . . . . . . . . . . 67

# I.

## INTRODUCTION

On September 1, 2009, the Andalucia Project, LLC ("Debtor" or "Proponent") filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code ("Code"). The document you are reading is both the Plan of Reorganization ("Plan") and the Disclosure Statement. Debtor has proposed the Plan to treat the claims of the Debtor's creditors  and to reorganize the Debtor's business affairs. A disclosure statement describes the assumptions that underlie the Plan and how the Plan will be executed. The Bankruptcy Court ("Court") has approved the form of this document as an adequate disclosure statement, containing enough information to enable parties affected by the Plan to make an informed judgment about the Plan. The Court has not yet confirmed the Plan, which means the terms of the Plan are not now binding on anyone.

The Proponent has reserved May 10, 2010 at 11:00 a.m. in Courtroom 302 located at 21041 Burbank Blvd., Woodland Hills, CA 91367 for a hearing to determine whether the Court will confirm the Plan.  Any interested party desiring further information should contact:

David A. Tilem
Law Offices of David A. Tilem
206 N. Jackson St., #201
Glendale, CA 91206
Telephone: 818-507-6000
Email: malissamurguia@tilemlaw.com

# II.

## GENERAL DISCLAIMER AND VOTING PROCEDURE

PLEASE READ THIS DOCUMENT, INCLUDING THE SEPARATELY CAPTIONED EXHIBITS, CAREFULLY. IT EXPLAINS WHO MAY OBJECT TO CONFIRMATION OF THE PLAN. IT EXPLAINS WHO IS ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN. IT ALSO TELLS ALL CREDITORS AND ANY SHAREHOLDERS OR PARTNERS WHAT TREATMENT THEY CAN EXPECT TO RECEIVE UNDER THE PLAN, SHOULD THE PLAN BE CONFIRMED BY THE COURT.

THE SOURCES OF FINANCIAL DATA RELIED UPON IN FORMULATING THIS DOCUMENT ARE SET FORTH IN THE DECLARATION IN SECTION XX BELOW.  ALL REPRESENTATIONS ARE TRUE TO THE PROPONENT'S BEST KNOWLEDGE.

NO REPRESENTATIONS CONCERNING THE DEBTOR THAT ARE INCONSISTENT WITH ANYTHING CONTAINED HEREIN ARE AUTHORIZED EXCEPT TO THE EXTENT, IF AT ALL, THAT THE COURT ORDERS OTHERWISE.

After carefully reviewing this document and the enclosed exhibits, please vote on the enclosed ballot and return it in the enclosed envelope.

The Proponent has reserved a hearing date for a hearing to determine whether the Court will confirm the Plan. Please refer to Section I above for the specific hearing date. If, after receiving the ballots, it appears that the Proponent has the requisite number of votes required by the Code, the Proponent will file a motion for an order confirming the Plan.

The Motion shall at least be served on all impaired creditors and partners or shareholders who reject the Plan and

1  on the Office of the United States Trustee. Any opposition to

2  the Motion shall be filed and served on the Debtor, Debtor's

3  counsel and the Office of the United States Trustee no later

4  than eleven days prior to the hearing date. Failure to oppose

5  the confirmation of the Plan may be deemed consent to the Plan's

6  confirmation.

7                                    **III.**

8              **WHO MAY OBJECT TO CONFIRMATION OF THE PLAN**

9         Any party in interest may object to confirmation of the

10 Plan, but as explained below not everyone is entitled to vote to

11 accept or reject the Plan.

12                                    **IV.**

13             **WHO MAY VOTE TO ACCEPT OR REJECT THE PLAN**

14        It requires both an allowed and impaired claim in order to

15 vote either to accept or reject the Plan. A claim is defined by

16 the Code to include a right to payment from the Debtor.

17        In order to vote a creditor or interest-holder must first

18 have an <u>allowed claim</u>. With the exceptions explained below, a

19 claim is allowed if proof of the claim is properly filed before

20 any bar date and no party in interest has objected, or if the

21 court has entered an order allowing the claim. Please refer to

22 Section VI below for specific information regarding bar dates in

23 this case.

24        Under certain circumstances a creditor may have an allowed

25 claim even if a proof of claim was not filed and the bar date

26 for filing a proof of claim has passed. A claim is deemed

27 allowed if the claim is listed on the Debtor's schedules and is

28 not scheduled as disputed, contingent, or unliquidated. Exhibit

                                      4

"C" contains a list of unsecured claims and indicates those claims which are disputed, contingent, or unliquidated.[1]

In order to vote, an allowed claim must also be impaired by the Plan.

Impaired creditors include those whose legal, equitable, and contractual rights are altered by the Plan, even if the alteration is beneficial to the creditor. A contract provision that entitles a creditor to accelerated payment upon default does not, however, necessarily render the claimant impaired, even if the Debtor defaulted and the Plan does not provide the creditor with accelerated payment. The creditor is deemed unimpaired so long as the Plan cures the default, reinstates the maturity of such claim as it existed before default, compensates for any damages incurred as a result of reasonable reliance upon the acceleration clause, and (except for default arising from failure to operate a nonresidential lease subject to 11 U.S.C.A. § 365 (b)(1)(A) (West Supp. 2006)) compensates for any actual pecuniary loss incurred as a result of any failure to perform a non-monetary obligation.

There are also some types of claims that the Code requires be treated a certain way. For that reason they are considered unimpaired and therefore holders of these claims cannot vote.

To summarize, there are two prerequisites to voting: a claim must be both allowed and impaired under the Plan.

If a creditor has an allowed and impaired claim, then he or she may vote either to accept or reject the Plan (unimpaired

---

[1] All Exhibits to this Plan have been filed separately with the Court in a document entitled "Exhibits to Disclosure Statement and Plan of Reorganization".

5

1    claimants are deemed to have accepted the Plan). Impaired claims

2    are placed in classes and it is the class that must accept the

3    Plan.  Members of unimpaired classes do not vote, although as

4    stated above, they may object to confirmation of the Plan. Even

5    if all classes do not vote in favor of the Plan, the Plan may

6    nonetheless be confirmed if the dissenting classes are treated

7    in a manner prescribed by the Code. Please refer to Section VI

8    below for information regarding impaired and unimpaired classes

9    in this case.

10       Section IX sets forth which claims are in which class.

11   Secured claims are placed in separate classes from unsecured

12   claims.  Fed. R. Bankr. P. 3018(d) provides: "A creditor whose

13   claim has been allowed in part as a secured claim and in part as

14   an unsecured claim shall be entitled to accept or reject a Plan

15   in both capacities."

16                              **V.**

17          **VOTES NECESSARY TO CONFIRM THE PLAN**

18       The Court may confirm the Plan if at least one non-insider

19   impaired class of claims has accepted and certain statutory

20   requirements are met as to both non-consenting members within a

21   consenting class and as to dissenting classes.  A class of

22   claims has accepted the Plan when more than one-half in number

23   and at least two-thirds in amount of the allowed claims actually

24   voting, vote in favor of the Plan.  It is important to remember

25   that even if the requisite number of votes to confirm the Plan

26   are obtained, the Plan will not bind the parties unless and

27   until the Court makes an independent determination that

28   confirmation is appropriate.  That is the subject of any

1  upcoming confirmation hearing.

2  ## VI.

3  ### INFORMATION REGARDING VOTING IN THIS CASE

4  The Court has yet to set a bar date for filing proofs of

5  claim and there is no deadline for objecting to claims.

6  In this case the Proponent believes that Classes 1 and 5

7  are not impaired whereas Classes 2, 3 and 4 are impaired and

8  therefore entitled to vote.  Unimpaired classes do not vote.  A

9  party that disputes the Proponent's characterization of its

10  claim as unimpaired may request a finding of impairment from the

11  Court in order to obtain the right to vote.

12  Ballots must be received

13  Malissa Murguia
Law Offices of David A. Tilem
14  206 N. Jackson St., #201
Glendale, CA 91206
15

16  by the close of business (5:00 p.m. California time) on April

17  19, 2010.

18  ## VII.

19  ### DESCRIPTION OF DEBTOR'S PAST AND FUTURE BUSINESS

20  ### AND EVENTS PRECIPITATING BANKRUPTCY FILING

21  The Debtor is a limited liability company formed in 2006.

22  Its members are husband and wife, Arthur (99%) and Anita (1%)

23  Aslanian.

24  The Debtor, and hence the bankruptcy estate, owns a parcel

25  of real property located at 4235-4241 N. Fulton Avenue, Los

26  Angeles, CA 91423 ("the Property").  The Property is currently

27  improved with two apartment buildings containing a total of 11

28  units.  There are only one or two vacancies and the Debtor

generates under $10,000 of rents each month.

The structures are approximately 65 years old.  At a hearing on December 21, 2009, the Bankruptcy Court determined the value of the Property to be $1.4 million, however the Court made it clear that the value of the Property might be different after January 1, 2010.

Debtor acquired the Property in 2006 for the purpose of razing the existing structures and constructing thirty (30) condominium units.  Debtor currently has a tentative tract map which permits the construction of these units, but final approval of the construction plans has been delayed by the City.

The mortgage note held by First Regional Bank matured and became all due and payable.  When the bank failed, the loan was sold to NAT Real Estate Management Group, Inc. ("NAT").  The purchase price of the loan to NAT is unknown. The face amount of the loan is now believed to be approximately $2.2 million. Efforts by the Debtor to negotiate a forbearance, deferment or restructure of the mortgage obligation have met with only modest success, but the parties have run out of time to continue the discussions.

**VIII.**

**PRE-CONFIRMATION REQUIREMENTS OF DEBTOR**

Debtor has addressed the requirements of 11 U.S.C.A. §1116. Specifically:

1.  On January 21, 2010, Debtor filed those documents required by §1116(1);

2.  Debtor has attended all meetings set by the Office of the United States Trustee as required by §1116(2);

3.    As required by §1116(3), on September 1, 2009 Debtor filed its Schedules A, D, E, F, G & H.  Schedule B and the statement of financial affairs were filed on September 16, 2009;

4.    Section 1116(4) requires the Debtor to file certain financial reports.  While the reports have not always been timely, the Debtor has filed all of the reports due for the months of September through December, 2009.  The report for January 2010 is not yet due.

5.    As required by §1116(5), Debtor has maintained all appropriate insurance as reflected in the monthly financial reports filed with the Office of the United States Trustee;

6.    As required by §1116(6), Debtor has filed all returns and paid all taxes as reflected in the monthly financial reports filed with the Office of the United States Trustee; and

7.    As required by §1116(7), Debtor has no objection to the inspection of its books, records and premises by the Office of the United States Trustee.

## IX.

## CRITICAL PLAN PROVISIONS

Listed below are the sources of money earmarked to pay creditors and interest-holders.

a. Proceeds from the sale or refinance of the Property.

b. Capital contributions from Debtor's principals.

/ / /

/ / /

/ / /

## X.

## DESCRIPTION AND TREATMENT OF CLAIMS

a. Overview of Plan Payments

Below is a summary of who gets paid what and when and from what source. The identity of members within a particular class is explained beginning on the next page. The second column lists two amounts. First, the amount of each payment, or if only one is to be made, then that amount; second, the total amount that will be paid. The Proponent is usually not required by law to pay an unsecured creditor everything it would otherwise be entitled to, had a bankruptcy case not commenced. The "Payment Due Date" column states the frequency with which payments will be made and the starting and ending dates. Look at the starting date to figure out who will be paid before and after you and in what amount. The "Source of Payment" column describes the expected source of payment. Further details regarding the source of payment are found below in sections XI and XII.

The timing of payments to many creditors is determined by the "Effective Date." Administrative claims, unless otherwise stated, must be paid by the Effective Date. The timing of payments to impaired creditors is usually measured from the Effective Date.

In this case, the "Effective Date" is the first business day which is more than fourteen (14) calendar days after the Court enters an Order approving this Plan.

/ / /

/ / /

/ / /

| Payment Recipient | Payment Amount (Total to be Paid) | Payment Due Date | Source of Payment |
|---|---|---|---|
| Law Offices of David A. Tilem (Debtor's bankruptcy counsel) | Est.        $51,039 100% Actual amount to be fixed by Bankruptcy Court. | Later of Effective Date or entry of Bankruptcy Court Order approving final fee application | Retainer:        $11,039 Balance (est):   $40,000 Balance to be paid from capital contribution by Debtor's principals. |
| Office of the United States Trustee | Quarterly fees with amount determined on quarterly basis. 100% | January 31, April 30, July 31, October 31 of each calendar year. | Capital contribution by Debtor's principals.  The reorganized Debtor shall be responsible for timely payment of fees incurred pursuant to 28 U.S.C. §1930(a)(6). The reorganized Debtor will file all reports required by the UST in connection with payment of these fees. |
| Clerk US Bankruptcy Court | Est.         $100 100% | On or before the Effective Date | Capital contribution by Debtor's principals. |
| Los Angeles County Tax Collector | Est.  $19,400 plus $30,000/year 100% | Current balance due paid on or before the Effective Date. Future amounts paid when due | Capital contributions by Debtor's principals. Creditor to retain any valid lien on Property. |
| NAT Real Estate Management Group, Inc. | $2,264,312.24 as of 10/2/2009 plus interest, fees and expenses authorized under applicable California law. 100% | Initial payment of $300,000 due within 10 business days of Effective Date. Subsequent payments due per terms of modified Note | All payments to be paid from capital contributions by Debtor's principals which shall be applied to costs, advances, legal fees, interest (through the Effective Date) and principal (in that order). Debtor shall execute a new promissory note ("the Plan Note") for the remaining balance due bearing interest (commencing as of the Effective Date) at the same rate as the pre-confirmation Note ("the Old Note") held by creditor. Payments coming due under the Plan Note |

11

| | | | |
|---|---|---|---|
| | | | shall be paid either from rental income being generated by the Property or from periodic capital infusions from Debtor's principals.  The amount of rental income being generated by the Property is evidenced by the Monthly Operating Reports which have been filed with the Office of the United States Trustee and the Court. The Old Note shall be deemed satisfied in full.  Interest only payments shall commence under the Plan Note on the first business day of the |
| Tenant Security Deposits | Est. $6,500 Precise amount subject to claims filing deadline and tenant verification | Upon termination of rental subject to any claims for damage, repair or maintenance of the property | first calendar month which is at least 20 days after the Effective Date and continue for a period of 60 months.  The Plan Note shall be all due and payable on the fifth anniversary of the Effective Date.  All other terms of the Plan Note shall be the same as the Old Note. |
| General Unsecured Claims | $31,584.67 | Paid in full within 90 days after Effective Date | Capital contributions by Debtor's principals.  Amount needed to pay claims in full will be deposited into non-interest bearing escrow account and held pending termination of tenancy of each individual tenant. |
| Equity Holders | | Retain interests | Debtor's principals will contribute not less than $400,000 within the first 90 days after the Effective Date. |

Disputed Claims.  With respect to any claim which remains
in dispute as of the date when payment would otherwise be due
under this Plan, the Disbursing Agent shall deposit the amount
claimed into a segregated interest bearing account to be held in

1    trust for the benefit of the claim holder.  The Disbursing Agent

2    shall file with the Court a notice that the funds have been

3    deposited.  The notice shall be served on the claim holder, the

4    objecting party, the Debtor and the Office of the United States

5    Trustee.  Any further disposition of the funds shall be made

6    pursuant to an Order of the Bankruptcy Court or some other Court

7    of competent jurisdiction.  If a surplus arises from the fact

8    that claims are disallowed or allowed in an amount less than

9    originally sought, the surplus shall revert back to the Debtor.

10        The Court has yet to set a deadline for creditors to file

11   claims or proofs of interest or for the Debtor to file any

12   objections thereto.

13        The Debtor has two equity holders: Arthur Aslanian and

14   Anita Aslanian.  They are husband and wife.  Arthur owns 99% of

15   Debtor's equity and Anita holds the remaining 1% of Debtor's

16   equity.

17            Below is a detailed description and treatment of

18              administrative expenses, claims and interests

19        b. Administrative Expenses

20            1.    These include the "actual, necessary costs and

21                  expenses of preserving the estate" as determined

22                  by the Court after notice to creditors of a

23                  request for payment and after a hearing thereon.

24            2.    The Code requires that allowed administrative

25                  expenses be paid on the Effective Date unless the

26                  party holding the administrative expense agrees

27                  otherwise. The claimants in this case have agreed

28                  otherwise as set forth herein.

<u>Administrative Expense #1</u>: **The Law Offices of David A. Tilem $51,039, subject to Court approval.**

Some $11,039 of this claim has been funded through a pre-petition retainer.  The balance as allowed by the Court is to be paid at the later of the Effective Date or the date on which the Court fixes professional compensation. Payment shall be made from a capital contribution by Debtor's principals.

<u>Administrative Expense #2</u>: **Court Clerk Fees**

Estimated at $100 to be paid on or before the Effective Date from the first funds available to the Debtor, regardless of source.

TOTAL ADMINISTRATIVE CLAIMS: $51,139.

c. <u>Unsecured Tax Claims</u>

1.    These include certain types of property, sales, and income taxes.

2.    The Code requires that the holders of such claims receive regular installment payments in cash over a period ending not later than five years after the date of the order for relief, unless agreed otherwise. The claimant has not agreed otherwise. The total cash payments must have a present value equal to the amount of the allowed claim.  The treatment of this claim is in a manner not less favorable than the most favored nonpriority unsecured claim provided in this Plan (other than any cash payments to an administratively convenient class). The amount of the allowed claim

14

includes the amount of tax owed plus interest of .5% per month.

Unsecured Tax Claim

Debtor believes that there are no such claims.

d. Secured Claims

All secured claims are secured by the Property.  A schedule of the secured claims is attached as Exhibit "A". The Exhibit describes each claim, states its relative priority and describes the proposed treatment of that claim.

CLASS ONE - **Secured Claim of Los Angeles County Tax Collector ("RP Tax") - Not Impaired**

The amount of this claim is estimated at $19,400, but the claim continues to accrue interest and will be a little larger by the Effective Date.  This claim will be paid on or before the Effective Date utilizing funds contributed by Debtor's principals.

CLASS TWO - **Secured Claim of NAT Real Estate Management Group, Inc. ("NAT") - Impaired**

NAT has filed a relief from stay motion in which it contends that the amount of the claim, as of October 2, 2009 is $2,264,312.24.  Pursuant to Section 506(b), the amount of the claim may be overstated.  NAT has yet to file a Proof of Claim and Debtor reserves the right to challenge the amount of NAT's Claim.

NAT's claim will be satisfied in the manner set forth above and on Exhibit "A"

/ / /

e. <u>CLASS THREE</u> - **Tenant Security Deposits - Impaired**

See Exhibit "B" for the list of claimants and amount owed to each.  Exhibit "B" also indicates which claims are the subject of dispute. Disputes are due to the fact that no claims deadline has yet be set and no proofs of claim have been filed.  Also the amounts of some security deposits are unknown since they were paid prior to the date on which Debtor acquired the Property

Total amount of allowed claims: $6,500 estimated. These claims will be paid in the manner set forth above and on Exhibit "B".

f. <u>CLASS FOUR</u> - **General Unsecured Creditor Claims - Impaired**

See Exhibit "C" for the list of claimants and amount owed each.  Exhibit "C" also indicates which claims are the subject of dispute.

Total amount of allowed claims: $31,584.67.  Subject to any objections to be resolved by the Court, these claims will be paid in the manner set forth above and on Exhibit "C".

g. <u>CLASS FIVE</u> - **Membership Interests - Not Impaired**

Under the Plan, the Members retain their interests in exchange for sufficient funds to satisfy all obligations under the Plan.

## XI.

### SOURCE OF MONEY TO PAY CLAIMS AND INTEREST-HOLDERS

The Plan cannot be confirmed unless the Court finds that it is "feasible," which means that the Proponent has timely

16

1  submitted evidence establishing that the Debtor will have

2  sufficient funds available to satisfy all expenses, including

3  the scheduled creditor payments discussed above. What normally

4  follows is a statement of projected cash flow for the duration

5  of the Plan, however in this case, all non-trivial claims are

6  being paid by Debtor's principals.  Accordingly, the Debtor's

7  cash flow and business operations are not relevant to determine

8  the feasibility of this Plan.

9      Instead, separately filed herewith as Exhibit "D" is a

10 declaration of Arthur Aslanian which reflects that he has

11 sufficient funds on hand to satisfy those obligations under the

12 Plan which are due within the first six (6) months of the Plan,

13 and that he has sufficient assets and resources to satisfy the

14 remaining claims over the entire term of the Plan.

15                            **XII.**

16            **ASSETS AND LIABILITIES OF THE ESTATE**

17     a. <u>Assets</u>

18     The identity and fair market value of the estate's assets

19 are listed in Exhibit "E" so that the reader can assess what

20 assets are at least theoretically available to satisfy claims

21 and to evaluate the overall worth of the bankruptcy estate.  The

22 principal asset of the Debtor is its real property.

23     b. <u>Liabilities</u>

24     All of the claims against the estate are reflected in

25 Exhibits "A", "B" and "C".

26     c. <u>Summary</u>

27     The fair market value of all assets is less than the total

28 liabilities against the estate.  Notwithstanding that fact,

Debtor proposes to pay all claims in full over the life of the Plan.

### XIII.

### TREATMENT OF NON-CONSENTING CLASSES

As stated above, even if all classes do not consent to the proposed treatment of their claims under the Plan, the Plan may nonetheless be confirmed if the dissenting classes are treated in a manner prescribed by the Code. The process by which dissenting classes are forced to abide by the terms of a Plan is commonly referred to as "cramdown." The Code allows dissenting classes to  be crammed down if the Plan does not "discriminate unfairly" and is "fair and equitable." The Code does not define discrimination, but it does provide a minimum definition of "fair and equitable." The term can mean that secured claimants retain their liens and receive cash payments whose present value equals the value of their security interest. For example, if a creditor lends the Debtor $100,000 and obtains a security interest in property that is worth only $80,000, the "fair and equitable" requirement means that the claimant is entitled to cash payments whose present value equals $80,000 and not $100,000. The term means that unsecured claimants whose claims are not fully satisfied at least know that no claim or interest that is junior to theirs will receive anything under the Plan, except where the Debtor is an individual, has elected to retain property included in the Estate under 11 U.S.C.A. § 1115 (West Supp. 2006) and has satisfied 11 U.S.C.A. 1129(b)(2)(B)(ii) (West Supp. 2006). "Fair and equitable" means that each holder of an interest must receive the value of such interest or else

1  no junior interest is entitled to receive anything.

2  Therefore, if a class of general unsecured claims votes
3  against the Plan, the Plan cannot be confirmed where the Debtor
4  or a class of interest holders (e.g. shareholders or partners)
5  will receive or retain any property under the Plan, unless the
6  Plan provides that the class of general unsecured claims shall
7  be paid in full with interest.  If a class of interest holders
8  votes against the Plan, the Plan cannot be confirmed where the
9  Debtor will receive or retain any property under the Plan,
10  unless the Plan provides that the class of interest holders
11  shall be paid in full with interest.  These are complex
12  statutory provisions and the preceding paragraphs do not purport
13  to state or explain all of them.

14  **XIV.**

15  **TREATMENT OF NON-CONSENTING MEMBERS OF CONSENTING**
16  **CLASS (CHAPTER 7 LIQUIDATION ANALYSIS)**

17  The Plan must provide that a non-consenting impaired
18  claimant of a consenting class receive at least as much as would
19  be available had the Debtor filed a Chapter 7 petition
20  instead.

21  In a Chapter 7 case the general rule is that the Debtor's
22  assets are sold by a trustee. Unsecured creditors generally
23  share in the proceeds of sale only after secured creditors and
24  administrative claimants are paid. Certain unsecured creditors
25  get paid before other unsecured creditors do. Unsecured
26  creditors with the same priority share in proportion to the
27  amount of their allowed claim in relationship to the total
28  amount of allowed claims.

19

1   A creditor may recover from the assets of the bankruptcy

2   estate less under Chapter 7 than under Chapter 11 for many

3   reasons.  If this case were a Chapter 7, the real property would

4   be lost to foreclosure and other creditors would receive

5   nothing.  The proposed Plan will pay all creditors in full.

6                              **XV.**

7                         **FUTURE DEBTOR**

8   a. Management of Debtor

9       1. Names of persons who will manage the Debtor's

10  business affairs: Arthur Aslanian

11      2. Proposed compensation to persons listed above: None.

12      3. Qualifications: Mr. Aslanian is an experienced

13  developer of real property and, together with his wife, is

14  providing all of the funding for the Plan.

15      4. Affiliation of persons to Debtor: Mr. Aslanian is a

16  Member and the Managing Member of the Debtor.

17      5. Job description: Managing Member.

18  b. Disbursing Agent

19  The Disbursing Agent is responsible for:

20          (a).        completing a sale or refinance of the real

21                      property;

22          (b).        managing and resolving any objections to

23                      claims;

24          (c).        collecting and accounting for all funds;

25          (d).        disbursing funds to creditors under the terms

26                      of this Plan;

27          (e).        preparing and filing financial reports with

28                      the Office of the United States Trustee;

    (f).        paying ongoing quarterly fees to the Office of the United States Trustee;

    (g).        seeking a final decree to close the case.

The disbursing agent is Arthur Aslanian. His address and telephone number are: 14900 Ventura Blvd., #220, Sherman Oaks, CA 91403, 818-990-3301.

    1. Proposed compensation to person listed above: None

    2. Qualifications: Managing Member of Debtor.

    3. Affiliation of person to Debtor: Managing Member.

    4. Job description: The Disbursing Agent will pay all amounts due under the Plan from fund deposited by the Mr. and Mrs. Aslanian into the Debtor's accounts.

    5. The disbursing agent will not be required to post a bond.

c. <u>Future Financial Outlook</u>

The Proponent believes that the Debtor's economic health is irrelevant to the outcome of this case. The only real risk to the Plan is if the commercial real estate market falls by more that 50% in the next six months. While some decline in that market is expected and has already occurred, a further precipitous drop of that magnitude would have consequences for the American economy far beyond the mere failure of this Debtor to fully pay its claims. Even under those circumstances, however, all creditors other than NAT will have been paid in full and NAT will be left to its non-bankruptcy remedy - foreclosure - having already received the additional cash payment of not less than $300,000.

# XVI.

## SALE OR TRANSFER OF PROPERTY; ASSUMPTION OF

## CONTRACTS AND LEASES; OTHER PROVISIONS

No transfers of property are contemplated under this Plan. All leases between the Debtor and its residential tenants are hereby assumed. All other leases or executory contracts are hereby rejected. Any party holding a claim as a result of the rejection of any executory contract may file a claim within 30 days after the Effective Date. Debtor will thereafter have 30 days to file any objections. If no objections are filed or any objections are overruled by the Court, the claims will be paid in full within 30 days thereafter. This is the same time interval for payment of general unsecured creditors under Class 4.

# XVII.

## BANKRUPTCY PROCEEDINGS

The Bankruptcy Court has previously considered the following motions and made the Orders reflected below.

| MOTION | ORDER | DATE |
|---|---|---|
| Motion for use of cash collateral (interim) | Granted | 09/22/09 |
| Motion for use of cash collateral (interim) | Granted | 11/17/09 |
| Motion for use of cash collateral (interim) | Granted | 12/18/09 |
| Motion for use of cash collateral (final) | Granted | 12/30/09 |
| Motion for leave to employ general bankruptcy counsel | Granted | 10/09/09 |
| Motion for leave to employ appraiser | Granted | 12/08/09 |
| Motion for relief from stay | Denied with conditions | 11/17/09 |
| Court issued a scheduling order | | 11/20/09 |
| Motion for leave to finance insurance premium | Granted | 12/10/09 |

/ / /

1    The only matter now pending before the Court in this case

2    is consideration of this Plan and Disclosure Statement

3                                 XVIII.

4                   **TAX CONSEQUENCES OF PLAN**

5    a. <u>Tax Consequences to the Debtor</u>

6    This Plan anticipates the contribution of capital by

7    Debtor's principals to pay all claims in full.  Such

8    contributions only affect the basis of the interests held by the

9    principals.  Debtor is not aware of any other tax consequences

10    to the Debtor as a result of this Plan.

11    b. <u>Tax Consequences to Creditors</u>

12    The tax consequences to creditors of payment under this

13    Plan depend on the individual tax circumstances of each

14    creditor.  Debtor has no information about the individual tax

15    circumstances of any of its creditors, accordingly, only general

16    comments are possible.

17    For cash basis taxpayers, payment of their claims will

18    likely constitute income to be recognized in the year of

19    receipt.  For accrual basis taxpayers, payment may or may not be

20    recognized as income depending on whether the creditor has

21    previously written off the receivable as uncollectible.

22                                  XIX.

23                   **EFFECT OF CONFIRMATION OF PLAN**

24    a. <u>General Comments</u>

25    The provisions of a confirmed Plan bind the Debtor, any

26    entity acquiring property under the Plan, and any creditor or

27    general partner of the Debtor, even those who do not vote to

28    accept the Plan.

1　　　The confirmation of the Plan vests all property of the

2　estate in the Debtor.

3　　　The automatic stay is lifted upon confirmation as to

4　property of the estate. However, the stay continues to prohibit

5　collection or enforcement of pre-petition claims against the

6　Debtor or the Debtor's property until the date the Debtor

7　receives a discharge, if any.  If the Debtor does not seek a

8　discharge, the discharge is deemed denied, and the stay as to

9　the Debtor and the Debtor's property terminates upon entry of

10　the order confirming the Plan.

11　　　b.　　Discharge of Liability for Payment of Debts; Status of

12　　　　　　Liens; Equity Security Holders

13　　　Unless the Debtor is not entitled to receive a discharge

14　pursuant to 11 U.S.C.A. 1141(d)(3), the debtor may obtain a

15　discharge only upon specific order of the Court. In this case,

16　the Debtor is entitled to receive a discharge and will receive a

17　discharge upon entry of a Final Decree.

18　　　The confirmation of the Plan does not discharge the Debtor

19　from any debt of a kind specified in 11 U.S.C.A. 523(a)(2)(A)-

20　(B) that is owed to a domestic governmental unit, or owed to a

21　person as the result of an action filed under subchapter III of

22　chapter 37 of title 31 or any similar State statute, or for a

23　tax or customs duty with respect to which the debtor made a

24　fraudulent tax return or willfully attempted in any manner to

25　evade or to defeat such tax or such customs duty.

26　　　c. Modification of the Plan

27　　　The Proponent may modify the Plan pursuant to 11 U.S.C.A.

28　§1127.

24

1

    d. <u>Post-Confirmation Causes of Action</u>

2

    To the best knowledge of the Proponent, the estate has the

3 following causes of action: None.

4

    e. <u>Final Decree</u>

5

    Once the Plan has been consummated, a final decree may be

6 entered upon motion of the Proponent. The effect of the final

7 decree is to close the bankruptcy case. After such closure, a

8 party seeking any type of relief relating to a Plan provision

9 can seek such relief in a state court of general jurisdiction.

10 Dated: March 18 , 2010                LAW OFFICES OF DAVID A. TILEM

11

12                                        By: _____

13                                        David A. Tilem, Attorneys
                                          for The Andalucia Project,
14                                        LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**XX.**

**DECLARATION IN SUPPORT OF DISCLOSURE STATEMENT AND PLAN**

I, Arthur Aslanian, declare under penalty of perjury under the laws of the United States of America that the following statements are true and based upon personal knowledge.

1. David A. Tilem ("Tilem") is the individual who prepared this document. Tilem is Debtor's attorney of record in this case.

2. I provided all of the financial data used in this document.

3. All facts and representations in the Plan and Disclosure Statement are true to the best of my knowledge.

4. No fact material to a claimant or equity security holder in voting to accept or reject the proposed Plan has been omitted.

5. In my capacity as Managing Member of the Debtor. I have prepared or directed the preparation of all of the financial documents which are filed with this Plan.

6. The accounting method used to prepare the financial documents is the cash basis.

7. The documents filed separately herewith as Exhibits "F" and "G" are true and correct copies of the Federal income tax returns filed by the Debtor for 2007 and 2008.

Date: ~~January 21~~, 2010   **3/11**

ARTHUR ASLANIAN, Managing
Member, The Andalucia
Project, LLC

25

**BALLOT FOR ACCEPTING OR REJECTING PLAN**

The Andalucia Project, LLC ("Debtor") has filed a Disclosure Statement and Plan of Reorganization on January 21, 2010.  By this ballot you will decide whether to accept or reject this Plan.

The Plan referred to in this ballot can be confirmed by the Court and thereby bind you if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each class and the holders of two-thirds in amount of equity security interests in each voting class.

If the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the class or classes rejecting it and otherwise satisfies the requirements of 11 U.S.C.A. § 1129(b).

Check the appropriate line below, which describes your interest:

___    The undersigned is a creditor with an allowed claim in the amount of $_____

___    The undersigned is the holder of ___% equity interest in the Debtor.

I hereby:        [ ] **Accept the Plan**        [ ] **Reject the Plan**

Print or type name:        _____

State which class you are a member of: _____

Signed:        _____

If appropriate, by:    _____ as _____

Address: _____

Return this ballot on or before 5:00 p.m. California time on April 19, 2010 to:

> Malissa Murguia
> Law Offices of David A. Tilem
> 206 N. Jackson St., #201
> Glendale, CA 91206

# EXHIBIT "A"

26

Exhibit "A"

## SCHEDULE OF SECURED CREDITORS

| NAME | ADDRESS | POC | AMOUNT | PRIORITY | PROPOSED TREATMENT |
|------|---------|-----|--------|----------|--------------------|
| Los Angeles County Tax Collector | P.O. Box 54018, Los Angeles, CA 90054-0018 | | 19,400.00 | 1 | Current balance due paid on or before the Effective Date. Future taxes paid when due. |
| NAT Real Estate Management Group, Inc. | c/o Susan Vaage, Esq., Graham Vaage, LLP, 500 N. Brand Blvd., #1030, Glendale, CA 91203 | | 2,264,312.24 | 2 | Initial payment of $300,000 due within 10 business days of Effective Date. Subsequent payments due per terms of modified Note. All payments to be paid from capital contributions by Debtor's principals which shall be applied to costs, advances, legal fees, interest (through the Effective Date) and principal (in that order). Debtor shall execute a new promissory note ("the Plan Note") for the remaining balance due bearing interest (commencing as of the Effective Date) at the same rate as the pre-confirmation Note ("the Old Note") held by creditor. The Old Note shall be deemed satisfied in full. Interest only payments shall commence under the Plan Note on the first business day of the first calendar month which is at least 20 days after the Effective Date and continue for a period of 60 months. The Plan Note shall be all due and payable on the fifth anniversary of the Effective Date. All other terms of the Plan Note shall be the same as the Old Note. |

27

# EXHIBIT "B"

28

Exhibit "B"

## SCHEDULE OF TENANTS WITH SECURITY DEPOSITS

| | NAME | ADDRESS | POC | AMOUNT | PROPOSED TREATMENT |
|---|---|---|---|---|---|
| 1 | Gary Garver | 4235-4241 N. Fulton Ave., #13317, Los Angeles, CA 91423 | | 500.00 | Amount needed to pay claims in full will be deposited into non-interest bearing escrow account and held pending termination of tenancy of each individual tenant.  Claim will be paid upon termination of lease subject to any claims by landlord for damage, repair or maintenance to the Property |
| 2 | Jamie LeBlanc & Jennifer Hansom | 4235-4241 N. Fulton Ave., #13309, Los Angeles, CA 91423 | | 1,000.00 | Amount needed to pay claims in full will be deposited into non-interest bearing escrow account and held pending termination of tenancy of each individual tenant.  Claim will be paid upon termination of lease subject to any claims by landlord for damage, repair or maintenance to the Property |
| 3 | Kristi Jansma | 4485-1/2 Hazeline Ave., Sherman Oaks, CA 91423 | yes | 750.00 | Amount needed to pay claims in full will be deposited into non-interest bearing escrow account and held pending termination of tenancy of each individual tenant.  Claim will be paid upon termination of lease subject to any claims by landlord for damage, repair or maintenance to the Property |
| 4 | Loreno Gonzalez | 4235-4241 N. Fulton Ave., #4243.5, Los Angeles, CA 91423 | | unknown and disputed | Amount needed to pay claims in full will be deposited into non-interest bearing escrow account and held pending termination of tenancy of each individual tenant.  Claim will be paid upon termination of lease subject to any claims by landlord for damage, repair or maintenance to the Property |
| 5 | Namir Hanna | 4235-4241 N. Fulton Ave., #4241.5, Los Angeles, CA 91423 | | unknown and disputed | Amount needed to pay claims in full will be deposited into non-interest bearing escrow account and held pending termination of tenancy of each individual tenant.  Claim will be paid upon termination of lease subject to any claims by landlord for damage, repair or maintenance to the Property |
| 6 | Oscar Monarrez | 4235-4241 N. Fulton Ave., #4241, Los Angeles, CA 91423 | | 1,000.00 | Amount needed to pay claims in full will be deposited into non-interest bearing escrow account and held pending termination of tenancy of each individual tenant.  Claim will be paid upon termination of lease subject to any claims by landlord for damage, repair or maintenance to the Property |
| 7 | Roya Alamdari | 4235-4241 N. Fulton Ave., #13319, Los Angeles, CA 91423 | | 750.00 | Amount needed to pay claims in full will be deposited into non-interest bearing escrow account and held pending termination of tenancy of each individual tenant.  Claim will be paid upon termination of lease subject to any claims by landlord for damage, repair or maintenance to the Property |
| 8 | Sammy Montero | 4235-4241 N. Fulton Ave., #13315, Los Angeles, CA 91423 | | 850.00 | Amount needed to pay claims in full will be deposited into non-interest bearing escrow account and held pending termination of tenancy of each individual tenant.  Claim will be paid upon termination of lease subject to any claims by landlord for damage, repair or maintenance to the Property |
| 9 | Shahin Sharpar & Panteha Nikain | 4235-4241 N. Fulton Ave., #4243, Los Angeles, CA 91423 | | 750.00 | Amount needed to pay claims in full will be deposited into non-interest bearing escrow account and held pending termination of tenancy of each individual tenant.  Claim will be paid upon termination of lease subject to any claims by landlord for damage, repair or maintenance to the Property |
| | | | | 5,600.00 | |

20

# EXHIBIT "C"

Exhibit "C"

## SCHEDULE OF GENERAL UNSECURED CREDITORS

| | NAME | ADDRESS | POC AMOUNT | PROPOSED TREATMENT |
|---|---|---|---|---|
| 1 | City of Los Angeles | 200 N. Spring St., Rm 721, Los Angeles, CA 90012 | 182.59 | Subject to any objections, paid in full within 90 days of Effective Date |
| 2 | Department of Water and Power | P.O. Box 30808, Los Angeles, CA 90030-0808 | 897.49 | Subject to any objections, paid in full within 90 days of Effective Date |
| 3 | Jeffer, Mangels, Butler & Marmaro, LLP | 1900 Avenue of Stars, #700, Los Angeles, CA 90067 | 10,000.00 | Subject to any objections, paid in full within 90 days of Effective Date |
| 4 | John R. Hanzlik Associates, Inc. | 7100 Hayvenhurst Ave., #301, Van Nuys, CA 91406 | 2,000.00 | Subject to any objections, paid in full within 90 days of Effective Date |
| 5 | Overland Traffic Consultants | 27201 Tourney Rd., #206, Santa Clarita, CA 91355 | 1,500.00 | Subject to any objections, paid in full within 90 days of Effective Date |
| 6 | Reliable Graphics | 15013 Califa St., Van Nuys, CA 91411 | 152.09 | Subject to any objections, paid in full within 90 days of Effective Date |
| 7 | Sam Aslanian | 19951 Turnberry Dr., Tarzana, CA 91356 | 14,700.00 | Subject to any objections, paid in full within 90 days of Effective Date |
| 8 | Tax and Business Consulting Group | 1211 N. Pacific Ave., Glendale, CA 91202 | 2,152.50 | Subject to any objections, paid in full within 90 days of Effective Date |
| | | | 31,584.67 | |

# EXHIBIT "D"

SUPPLEMENTAL DECLARATION OF ARTHUR ASLANIAN

I, Arthur Aslanian, declare and state as follows:

1.    I am the Managing Member of The Andalucia Project, LLC, ("Debtor") the debtor and debtor-in-possession in the above-entitled Chapter 11 case.

2.    This declaration is based on my personal knowledge.  If called upon to do so, I could and would testify to the matters set forth below.

3.    This declaration is filed in support of the Disclosure Statement and Plan of Reorganization ("DS & Plan") filed by the Debtor in this case.

4.    My wife and I are Debtor's sole members.

5.    The DS & Plan requires me and my wife, as the principals of Debtor, to contribute approximately $400,000 to the Debtor's capital so that the Debtor can make certain payments no more than 90 days after the Effective Date.

6.    We have the resources to make this contribution.

7.    In addition to being the Managing Member of Debtor, I am also the majority shareholder and President of Cobra Enterprises, Inc. ("Cobra").  I am able to use funds held by Cobra to meet obligations under the proposed DS & Plan.

8.    Attached hereto as Exhibits D-1 are copies of bank statements which evidence that Cobra has the necessary funds on hand to meet the cash requirements of the DS & Plan.

9.    We agree to the terms of the DS & Plan and we intend to make the necessary contribution on a timely basis so that the

/ / /

/ / /

02309\T\20100121-AslanianDeclReDS.wpd     Exhibit "D"

33

1   Debtor can meet its obligations imposed under the DS & Plan.

2      I declare, under penalty of perjury under the laws of the

3 United States of America, that the foregoing statements are true

4 and correct and that this Declaration was signed on January 21,

5 2010 at Sherman Oaks, California.

6

7

8           ARTHUR ASLANIAN

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

02309\T\20100121-AslanianDeclReDS.wpd    Exhibit "D"

34

# EXHIBIT "D-1"

35



WELLS FARGO BANK, N.A.
P.O. BOX 6995
PORTLAND, OR 97228-6995

Page 1 of 2
Account Number:                6,713
Statement Start Date:
Statement End Date:



12/01/09
12/31/09

COBRA ENTERPRISES, INC.
DBA LAURELWOOD CONSTRUCTION
14900 VENTURA BLVD STE 220
SHERMAN OAKS CA 91403-5942

**For Customer Assistance:**
**Call 800-225-5935 (1-800-CALL-WELLS).**

| Account Number | Beginning Balance | Total Credits | Total Debits | Ending Balance |
|---|---|---|---|---|
| Business Cash Management Account | 270,233.66 | 0.00 | - 10,538.15 | 259,695.51 |

**News from Wells Fargo**

**Debits**

**Checks Paid**

| Check # | Date | Amount | Check # | Date | Amount | Check # | Date | Amount |
|---|---|---|---|---|---|---|---|---|
| 2805 | Dec 07 | 840.00 | 2826* | Dec 18 | 500.00 | 2828 | Dec 21 | 2,798.15 |
| 2823* | Dec 10 | 600.00 | 2827 | Dec 24 | 5,000.00 | 2829 | Dec 24 | 800.00 |

*Gap in check sequence          10,538.15          Total Checks Paid

10,538.15          Total Debits

**Daily Ledger Balance Summary**

| Date | Balance | Date | Balance | Date | Balance |
|---|---|---|---|---|---|
| Nov 30 | 270,233.66 | Dec 10 | 268,793.66 | Dec 21 | 265,495.51 |
| Dec 07 | 269,393.66 | Dec 18 | 268,293.66 | Dec 24 | 259,695.51 |

Average Daily Ledger Balance          266,414.96

---

Wells Fargo has innovative solutions designed to meet your business needs:

- Credit Services
- Treasury Management Services
- Business Payroll Services
- International Trade Services
- Equipment Finance
- Corporate Finance

For more information on our products and services,
please contact your Wells Fargo representative or visit us online at **wellsfargo.com**.

---

Continued on next page

36



# Business High Yield Savings

Account number                    December 1, 2009 - December 31, 2009      Page 1 of 3



WELLS
FARGO

COBRA ENTERPRISES, INC.
14900 VENTURA BLVD STE 220
SHERMAN OAKS CA 91403-5942

**Questions?**

*Available by phone 24 hours a day, 7 days a week:*
**1-800-CALL-WELLS** (1-800-225-5935)
TTY: 1-800-877-4833
En español: 1-877-337-7454

*Online:* wellsfargo.com/biz

*Write:* Wells Fargo Bank, N.A. (114)
P.O. Box 6995
Portland, OR 97228-6995

## Your Business and Wells Fargo

Discover Wells Fargo's online educational resources, including audio and video content, newsletters and articles that provide information, strategies and actionable tips to help your business navigate today's challenging environment. To find out more visit wellsfargo.com/biz/education.

### Activity summary

| | |
|---|---|
| Beginning balance on 12/1 | $275,624.92 |
| Deposits/Credits | 99.53 |
| Withdrawals/Debits | 80,000.00 |
| **Ending balance on 12/31** | **$195,724.45** |
| Average ledger balance this period | $234,334.59 |

Account number
**COBRA ENTERPRISES, INC.**
California account terms and conditions apply

For Direct Deposit and Automatic Payments use
Routing Number (RTN): 121042882

For Wire Transfers use
Routing Number (RTN): 121000248

### Interest summary

| | |
|---|---|
| Interest paid this statement | |
| Average collected balance | $99.53 |
| Annual percentage yield earned | $234,334.59 |
| Interest earned this statement period | 0.50% |
| Interest paid this year | $99.53 |
| | $764.45 |




# EXHIBIT "E"

Exhibit "E"

## SCHEDULE OF ASSETS

| | DESCRIPTION | VALUE | METHOD OF VALUATION |
|---|---|---|---|
| 1 | Real Property located at 4235-4241 Fulton Ave., Los Angeles, CA 91423 | 1,400,000.00 | Determined by Bankruptcy Court in Order entered January 13, 2010 |
| 2 | Cash on deposit | to be determined | On line bank statement - to be determined as of confirmation date |
| 3 | Office furniture & supplies | 1,500.00 | Estimated by Debtor's principals |
| | | 1,401,500.00 | |

# EXHIBIT "F"

Form **1065**

Department of the Treasury
Internal Revenue Service

### U.S. Return of Partnership Income

For calendar year 2007, or tax year beginning _____, 2007,
ending _____, 20 _____.
► See separate instructions.

OMB No. 1545-0099

**2007**

**A** Principal business activity

CONSTRUCTION

**B** Principal product or service

DEVELOPMENT

**C** Business code number

236110

Use the IRS label. Otherwise, print or type.

THE ANDALUCIA PROJECT LLC
14900 VENTURA BLVD. STE 220
SHERMAN OAKS, CA 91403

**D** Employer identification number

20-8740418

**E** Date business started

8/18/2006

**F** Total assets (see instrs)

$    3,238,678.

**G** Check applicable boxes: **(1)** ☐ Initial return **(2)** ☐ Final return **(3)** ☐ Name change **(4)** ☐ Address change **(5)** ☐ Amended return

**H** Check accounting method: **(1)** ☒ Cash **(2)** ☐ Accrual **(3)** ☐ Other (specify) ► _____

**I** Number of Schedules K-1. Attach one for each person who was a partner at any time during the tax year ............ ► 2

**J** Check if Schedule M-3 attached ............................................................ ☐

**Caution.** *Include only* trade or business income and expenses on lines 1a through 22 below. *See the instructions for more information.*

| | | | | | |
|---|---|---|---|---|---|
| **I N C O M E** | **1a** Gross receipts or sales | | | 1a | |
| | **b** Less returns and allowances | | | 1b | |
| | | | | **1c** | |
| | **2** Cost of goods sold (Schedule A, line 8) | | | **2** | |
| | **3** Gross profit. Subtract line 2 from line 1c | | | **3** | |
| | **4** Ordinary income (loss) from other partnerships, estates, and trusts (attach statement) | | | **4** | |
| | **5** Net farm profit (loss) *(attach Schedule F (Form 1040))* | | | **5** | |
| | **6** Net gain (loss) from Form 4797, Part II, line 17 (attach Form 4797) | | | **6** | |
| | **7** Other income (loss) (attach statement) | | | **7** | |
| | **8** **Total income (loss).** Combine lines 3 through 7 | | | **8** | |

| | | | | | |
|---|---|---|---|---|---|
| **D E D U C T I O N S** (SEE INSTRUCTIONS FOR LIMITATIONS) | **9** Salaries and wages (other than to partners) (less employment credits) | | | **9** | |
| | **10** Guaranteed payments to partners | | | **10** | |
| | **11** Repairs and maintenance | | | **11** | |
| | **12** Bad debts | | | **12** | |
| | **13** Rent | | | **13** | |
| | **14** Taxes and licenses | | | **14** | |
| | **15** Interest | | | **15** | 1,600. |
| | **16a** Depreciation *(if required, attach Form 4562)* | 16a | | | |
| | **b** Less depreciation reported on Schedule A and elsewhere on return | 16b | | **16c** | |
| | **17** Depletion (**Do not deduct oil and gas depletion.**) | | | **17** | |
| | **18** Retirement plans, etc | | | **18** | |
| | **19** Employee benefit programs | | | **19** | |
| | **20** Other deductions (attach statement) | | | **20** | |
| | **21** **Total deductions.** Add the amounts shown in the far right column for lines 9 through 20 | | | **21** | 1,600. |
| | **22** Ordinary business income (loss). Subtract line 21 from line 8 | | | **22** | -1,600. |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than general partner or limited liability company member manager) is based on all information of which preparer has any knowledge.

TAXPAYERS COPY

_____
Signature of general partner or limited liability company member manager

_____
Date

May the IRS discuss this return with the preparer shown below (see instrs)? ☒ Yes ☐ No

**Paid Preparer's Use Only**

| Preparer's signature | ARMIK AGHAKHANI, CPA | Date 10/11/08 | Check if self-employed ☐ | Preparer's SSN or PTIN P00288886 |
|---|---|---|---|---|

Firm's name (or yours if self-employed), address, and ZIP code ►

TAX & BUSINESS CNSLTG GRP AN ACCOUNTANCY CORP
1010 N CENTRAL AVE.
GLENDALE, CA 91202-2937

EIN ► 02-0591675

Phone no. (818) 662-8880

**BAA** For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.

PTPA0105L 12/27/07

Form **1065** (2007)

41

Form 1065 (2007)   THE ANDALUCIA PROJECT LLC 20-8740418

**Schedule A** | **Cost of Goods Sold** (see the instructions)                                      Page 2

| | | |
|---|---|---|
| 1 | Inventory at beginning of year | 1 |
| 2 | Purchases less cost of items withdrawn for personal use | 2 |
| 3 | Cost of labor | 3 |
| 4 | Additional section 263A costs *(attach statement)* | 4 |
| 5 | Other costs *(attach statement)* | 5 |
| 6 | **Total.** Add lines 1 through 5 | 6 |
| 7 | Inventory at end of year | 7 |
| 8 | **Cost of goods sold.** Subtract line 7 from line 6. Enter here and on page 1, line 2 | 8 |

9a Check all methods used for valuing closing inventory:
  **(i)** [ ] Cost as described in Regulations section 1.471-3
  **(ii)** [ ] Lower of cost or market as described in Regulations section 1.471-4
  **(iii)** [ ] Other (specify method used and attach explanation) ►
  **b** Check this box if there was a writedown of 'subnormal' goods as described in Regulations section 1.471-2(c) ► [ ]
  **c** Check this box if the LIFO inventory method was adopted this tax year for any goods *(if checked, attach Form 970)* ► [ ]
  **d** Do the rules of section 263A (for property produced or acquired for resale) apply to the partnership? ........ [ ] Yes [ ] No
  **e** Was there any change in determining quantities, cost, or valuations between opening and closing inventory? ... [ ] Yes [ ] No
  If 'Yes,' attach explanation.

**Schedule B** | **Other Information**

| | | | | | Yes | No |
|---|---|---|---|---|---|---|
| 1 | What type of entity is filing this return? Check the applicable box: | | | | | |
| | a [ ] Domestic general partnership | b [ ] Domestic limited partnership | | | | |
| | c [X] Domestic limited liability company | d [ ] Domestic limited liability partnership | | | | |
| | e [ ] Foreign partnership | f [ ] Other ► | | | | |
| 2 | Are any partners in this partnership also partnerships? | | | | | |
| 3 | During the partnership's tax year, did the partnership own any interest in another partnership or in any foreign entity that was disregarded as an entity separate from its owner under Regulations sections 301.7701-2 and 301.7701-3? If 'Yes,' see instructions for required attachment | | | | | X |
| 4 | Did the partnership file Form 8893, Election of Partnership Level Tax Treatment, or an election statement under section 6231(a)(1)(B)(ii) for partnership-level tax treatment, that is in effect for this tax year? See Form 8893 for more details. | | | | | X |
| 5 | Does this partnership meet all three of the following requirements? | | | | | X |
| | **a** The partnership's total receipts for the tax year were less than $250,000; | | | | | |
| | **b** The partnership's total assets at the end of the tax year were less than $600,000; and | | | | | |
| | **c** Schedules K-1 are filed with the return and furnished to the partners on or before the due date (including extensions) for the partnership return. | | | | | |
| | If 'Yes,' the partnership is not required to complete Schedules L, M-1, and M-2; Item F on page 1 of Form 1065; or Item L on Schedule K-1. | | | | | |
| 6 | Does this partnership have any foreign partners? If 'Yes,' the partnership may have to file Forms 8804, 8805 and 8813. See the instructions. | | | | | X |
| 7 | Is this partnership a publicly traded partnership as defined in section 469(k)(2)? | | | | | X |
| 8 | Has this partnership filed, or is it required to file, a return under section 6111 to provide information on any reportable transaction? | | | | | X |
| 9 | At any time during calendar year 2007, did the partnership have an interest in or a signature or other authority over a financial account in a foreign country (such as a bank account, securities account, or other financial account)? See the instructions for exceptions and filing requirements for Form TD F 90-22.1. If 'Yes,' enter the name of the foreign country. ► | | | | | X |
| 10 | During the tax year, did the partnership receive a distribution from, or was it the grantor of, or transferor to, a foreign trust? If 'Yes,' the partnership may have to file Form 3520. See the instructions. | | | | | X |
| 11 | Was there a distribution of property or a transfer (for example, by sale or death) of a partnership interest during the tax year? If 'Yes,' you may elect to adjust the basis of the partnership's assets under section 754 by attaching the statement described under *Elections Made By the Partnership* in the instructions. | | | | | X |
| 12 | Enter the number of Forms 8865, Return of U.S. Persons With Respect to Certain Foreign Partnerships, attached to this return. ► 0 | | | | | X |

**Designation of Tax Matters Partner** (see the instructions)
Enter below the general partner designated as the tax matters partner (TMP) for the tax year of this return:

| | |
|---|---|
| Name of designated TMP ► ARTHUR ASLANIAN | Identifying number of TMP ► ▋▋▋▋▋ |
| Address of designated TMP ► 14900 VENTURA BLVD. STE 220 SHERMAN OAKS, CA 91403 | |

PTPA0112L 12/27/07

Form **1065** (2007)

42

Form **1065** (2007)      THE ANDALUCIA PROJECT LLC 20-8740418      Page **3**

## Schedule K   Partners' Distributive Share Items

| | | | Total amount |
|---|---|---|---|
| **Income (Loss)** | 1 Ordinary business income (loss) (page 1, line 22) | 1 | -1,600. |
| | 2 Net rental real estate income (loss) (attach Form 8825) | 2 | -216,851. |
| | 3a Other gross rental income (loss) ........ 3a | | |
| | b Expenses from other rental activities (attach stmt) ..... 3b | | |
| | c Other net rental income (loss). Subtract line 3b from line 3a | 3c | |
| | 4 Guaranteed payments | 4 | |
| | 5 Interest income | 5 | |
| | 6 Dividends: a Ordinary dividends | 6a | |
| | b Qualified dividends ........ 6b | | |
| | 7 Royalties | 7 | |
| | 8 Net short-term capital gain (loss) (attach Schedule D (Form 1065)) | 8 | |
| | 9a Net long-term capital gain (loss) (attach Schedule D (Form 1065)) | 9a | |
| | b Collectibles (28%) gain (loss) ........ 9b | | |
| | c Unrecaptured section 1250 gain (attach statement) ........ 9c | | |
| | 10 Net section 1231 gain (loss) (attach Form 4797) | 10 | |
| | 11 Other income (loss) (see instructions)    Type ▶ | 11 | |
| **Deductions** | 12 Section 179 deduction (attach Form 4562) | 12 | |
| | 13a Contributions | 13a | |
| | b Investment interest expense | 13b | |
| | c Section 59(e)(2) expenditures: (1) Type ▶ _ _ _ _ _ _ _ (2) Amount ▶ | 13c (2) | |
| | d Other deductions (see instructions)  Type ▶ | 13d | |
| **Self-Employment** | 14a Net earnings (loss) from self-employment | 14a | -1,584. |
| | b Gross farming or fishing income | 14b | |
| | c Gross nonfarm income | 14c | |
| **Credits** | 15a Low-income housing credit (section 42(j)(5)) | 15a | |
| | b Low-income housing credit (other) | 15b | |
| | c Qualified rehabilitation expenditures (rental real estate) (attach Form 3468) | 15c | |
| | d Other rental real estate credits (see instructions). Type ▶ | 15d | |
| | e Other rental credits (see instructions) ..... Type ▶ | 15e | |
| | f Other credits (see instructions) ...... Type ▶ | 15f | |
| **Foreign Transactions** | 16a Name of country or U.S. possession ▶ | | |
| | b Gross income from all sources | 16b | |
| | c Gross income sourced at partner level | 16c | |
| | Foreign gross income sourced at partnership level | | |
| | d Passive category ▶ _ _ _ _ _ _ e General category ▶ _ _ _ _ _ _ f Other ▶ | 16f | |
| | Deductions allocated and apportioned at partner level | | |
| | g Interest expense ▶ _ _ _ _ _ _ h Other ▶ | 16h | |
| | Deductions allocated and apportioned at partnership level to foreign source income | | |
| | i Passive category ▶ _ _ _ _ _ _ j General category ▶ _ _ _ _ _ k Other ▶ | 16k | |
| | l Total foreign taxes (check one): ▶ Paid ☐   Accrued ☐ | 16l | |
| | m Reduction in taxes available for credit (attach statement) | 16m | |
| | n Other foreign tax information (attach statement) | | |
| **Alternative Minimum Tax (AMT) Items** | 17a Post-1986 depreciation adjustment | 17a | |
| | b Adjusted gain or loss | 17b | |
| | c Depletion (other than oil and gas) | 17c | |
| | d Oil, gas, and geothermal properties − gross income | 17d | |
| | e Oil, gas, and geothermal properties − deductions | 17e | |
| | f Other AMT items (attach stmt) | 17f | |
| **Other Information** | 18a Tax-exempt interest income | 18a | |
| | b Other tax-exempt income | 18b | |
| | c Nondeductible expenses | 18c | |
| | 19a Distributions of cash and marketable securities | 19a | |
| | b Distributions of other property | 19b | |
| | 20a Investment income | 20a | |
| | b Investment expenses | 20b | |
| | c Other items and amounts (attach stmt) | | |

**BAA**

Form **1065** (2007)    THE ANDALUCIA PROJECT LLC 20-8740418    Page **4**

## Analysis of Net Income (Loss)

| | | | | | | |
|---|---|---|---|---|---|---|
| **1** Net income (loss). Combine Schedule K, lines 1 through 11. From the result, subtract the sum of Schedule K, lines 12 through 13d, and 16l | | | | | **1** | -218,451. |

| **2** Analysis by partner type: | **(i)** Corporate | **(ii)** Individual (active) | **(iii)** Individual (passive) | **(iv)** Partnership | **(v)** Exempt organization | **(vi)** Nominee/Other |
|---|---|---|---|---|---|---|
| **a** General partners | | | | | | |
| **b** Limited partners | | -218,451. | | | | |

## Schedule L    Balance Sheets per Books

| Assets | | Beginning of tax year | | End of tax year | |
|---|---|---|---|---|---|
| | **(a)** | **(b)** | **(c)** | **(d)** | |
| **1** Cash | | 6,245. | | 310. | |
| **2a** Trade notes and accounts receivable | | | | | |
| **b** Less allowance for bad debts | | | | | |
| **3** Inventories | | | | | |
| **4** U.S. government obligations | | | | | |
| **5** Tax-exempt securities | | | | | |
| **6** Other current assets (attach stmt) . . SEE ST 1 | | 7,880. | | | |
| **7** Mortgage and real estate loans | | | | | |
| **8** Other investments (attach stmt) | | | | | |
| **9a** Buildings and other depreciable assets | 969,000. | | 1,001,237. | | |
| **b** Less accumulated depreciation | 7,345. | 961,655. | 43,700. | 957,537. | |
| **10a** Depletable assets | | | | | |
| **b** Less accumulated depletion | | | | | |
| **11** Land (net of any amortization) | | 2,261,000. | | 2,261,000. | |
| **12a** Intangible assets (amortizable only) | 20,775. | | 20,775. | | |
| **b** Less accumulated amortization | 189. | 20,586. | 944. | 19,831. | |
| **13** Other assets (attach stmt) | | | | | |
| **14** Total assets | | 3,257,366. | | 3,238,678. | |
| **Liabilities and Capital** | | | | | |
| **15** Accounts payable | | | | | |
| **16** Mortgages, notes, bonds payable in less than 1 year | | | | | |
| **17** Other current liabilities (attach stmt) . . SEE ST 2 | | 11,700. | | | |
| **18** All nonrecourse loans | | | | | |
| **19** Mortgages, notes, bonds payable in 1 year or more | | 2,125,000. | | 2,125,000. | |
| **20** Other liabilities (attach stmt) | | | | | |
| **21** Partners' capital accounts | | 1,120,666. | | 1,113,678. | |
| **22** Total liabilities and capital | | 3,257,366. | | 3,238,678. | |

## Schedule M-1    Reconciliation of Income (Loss) per Books With Income (Loss) per Return
**Note.** Schedule M-3 may be required instead of Schedule M-1 (see instructions).

| | | | | | |
|---|---|---|---|---|---|
| **1** Net income (loss) per books | -218,451. | **6** Income recorded on books this year not included on Schedule K, lines 1 through 11 (itemize): | | | |
| **2** Income included on Schedule K, lines 1, 2, 3c, 5, 6a, 7, 8, 9a, 10, and 11, not recorded on books this year (itemize): | | **a** Tax exempt interest . $ _ _ _ _ _ _ _ | | | |
| _ _ _ _ _ _ _ _ _ _ _ _ | | _ _ _ _ _ _ _ _ _ _ _ _ | | | |
| **3** Guaranteed pmts (other than health insurance) | | **7** Deductions included on Schedule K, lines 1 through 13d, and 16l, not charged against book income this year (itemize): | | | |
| **4** Expenses recorded on books this year not included on Schedule K, lines 1 through 13d, and 16l (itemize): | | **a** Depreciation . . . . $ _ _ _ _ _ _ _ | | | |
| **a** Depreciation . . . $ _ _ _ _ _ | | _ _ _ _ _ _ _ _ _ _ _ _ | | | |
| **b** Travel and entertainment . $ _ _ _ _ | | **8** Add lines 6 and 7 | | | |
| **5** Add lines 1 through 4 | -218,451. | **9** Income (loss) (Analysis of Net Income (Loss), line 1). Subtract line 8 from line 5 | | -218,451. | |

## Schedule M-2    Analysis of Partners' Capital Accounts

| | | | | | |
|---|---|---|---|---|---|
| **1** Balance at beginning of year | 1,120,666. | **6** Distributions: **a** Cash | | | |
| **2** Capital contributed:  **a** Cash | 211,463. | **b** Property | | | |
| **b** Property | | **7** Other decreases (itemize): | | | |
| **3** Net income (loss) per books | -218,451. | _ _ _ _ _ _ _ _ _ _ _ _ | | | |
| **4** Other increases (itemize): | | _ _ _ _ _ _ _ _ _ _ _ _ | | | |
| _ _ _ _ _ _ _ _ _ _ _ _ | | **8** Add lines 6 and 7 | | | |
| **5** Add lines 1 through 4 | 1,113,678. | **9** Balance at end of year. Subtract line 8 from line 5 | | 1,113,678. | |

Form **1065** (2007)

**44**

Form **8825**
(Rev December 2006)

Department of the Treasury
Internal Revenue Service

**Rental Real Estate Income and Expenses of a
Partnership or an S Corporation**

► See instructions.
► Attach to Form 1065, Form 1065-B, or Form 1120S.

OMB No. 1545-1186

Name
THE ANDALUCIA PROJECT LLC

Employer identification number
20-8740418

**1** Show the kind and location of each property. See page 2 to list additional properties

**A** RESIDENTIAL RENTAL PROPERTY
4235-41 FULTON AVENUE SHERMAN OAKS

**B**

**C**

**D**

| Rental Real Estate Income | | Properties | | | |
|---|---|---|---|---|---|
| | | A | B | C | D |
| **2** Gross rents | 2 | 101,959. | | | |
| **Rental Real Estate Expenses** | | | | | |
| **3** Advertising | 3 | 22. | | | |
| **4** Auto and travel | 4 | | | | |
| **5** Cleaning and maintenance | 5 | 2,247. | | | |
| **6** Commissions | 6 | | | | |
| **7** Insurance | 7 | 1,606. | | | |
| **8** Legal and other professional fees | 8 | 25,470. | | | |
| **9** Interest | 9 | 177,747. | | | |
| **10** Repairs | 10 | 1,133. | | | |
| **11** Taxes | 11 | 39,766. | | | |
| **12** Utilities | 12 | 4,735. | | | |
| **13** Wages and salaries | 13 | | | | |
| **14** Depreciation (see instructions) | 14 | 36,355. | | | |
| **15** Other (list) ► | | | | | |
| SEE STATEMENT 3 | 15 | 29,729. | | | |

**16** Total expenses for each property.
Add lines 3 through 15 | 16 | 318,810. | | | |

| | | |
|---|---|---|
| **17** Total gross rents. Add gross rents from line 2, columns A through H | 17 | 101,959. |
| **18** Total expenses. Add total expenses from line 16, columns A through H | 18 | -318,810. |
| **19** Net gain (loss) from Form 4797, Part II, line 17, from the disposition of property from rental real estate activities | 19 | |
| **20 a** Net income (loss) from rental real estate activities from partnerships, estates, and trusts in which this partnership or S corporation is a partner or beneficiary (from Schedule K-1) | 20a | |

**b** Identify below the partnerships, estates, or trusts from which net income (loss) is shown on line 20a.
Attach a schedule if more space is needed:

| **(1)** Name | **(2)** Employer identification number |
|---|---|
| | |
| | |

| | | |
|---|---|---|
| **21** Net rental real estate income (loss). Combine lines 17 through 20a. Enter the result here and on: | 21 | -216,851. |
| • **Form 1065 or 1120S:** Schedule K, line 2, or | | |
| • **Form 1065-B:** Part I, line 4 | | |

**BAA** For Paperwork Reduction Act Notice, see the separate instructions.

Form **8825** (12-2006)

SPSZ0101L 12/15/06

45

651107

**Schedule K-1**
(Form 1065)

**2007**

For calendar year 2007, or tax

year beginning _____, 2007

ending _____

Department of the Treasury
Internal Revenue Service

OMB No. 1545-0099

☐ Final K-1    ☐ Amended K-1

## Partner's Share of Income, Deductions, Credits, etc.

► **See separate instructions.**

| **Part III** | **Partner's Share of Current Year Income, Deductions, Credits, and Other Items** |
|---|---|

| | | | | |
|---|---|---|---|---|
| 1 | Ordinary business income (loss) **-1,584.** | 15 | Credits | |
| 2 | Net rental real estate income (loss) **-214,682.** | | | |
| 3 | Other net rental income (loss) | 16 | Foreign transactions | |
| 4 | Guaranteed payments | | | |
| 5 | Interest income | | | |
| 6a | Ordinary dividends | | | |
| 6b | Qualified dividends | | | |
| 7 | Royalties | | | |
| 8 | Net short-term capital gain (loss) | | | |
| 9a | Net long-term capital gain (loss) | 17 | Alternative minimum tax (AMT) items | |
| 9b | Collectibles (28%) gain (loss) | | | |
| 9c | Unrecaptured section 1250 gain | | | |
| 10 | Net section 1231 gain (loss) | 18 | Tax-exempt income and nondeductible expenses | |
| 11 | Other income (loss) | | | |
| 12 | Section 179 deduction | 19 | Distributions | |
| 13 | Other deductions | 20 | Other information | |
| 14 | Self-employment earnings (loss) A **-1,584.** | | | |

**Part I**    **Information About the Partnership**

**A** Partnership's employer identification number
20-8740418

**B** Partnership's name, address, city, state, and ZIP code

THE ANDALUCIA PROJECT LLC
14900 VENTURA BLVD. STE 220
SHERMAN OAKS, CA 91403

**C** IRS Center where partnership filed return
OGDEN, UT

**D** ☐ Check if this is a publicly traded partnership (PTP)

**Part II**    **Information About the Partner**

**E** Partner's identifying number

**F** Partner's name, address, city, state, and ZIP code

ARTHUR ASLANIAN
14900 VENTURA BLVD. STE 220
SHERMAN OAKS, CA 91403

**G** ☒ General partner or LLC member-manager    ☐ Limited partner or other LLC member

**H** ☒ Domestic partner    ☐ Foreign partner

**I** What type of entity is this partner? INDIVIDUAL

**J** Partner's share of profit, loss, and capital:

| | Beginning | Ending |
|---|---|---|
| Profit | 99 % | 99 % |
| Loss | 99 % | 99 % |
| Capital | 99 % | 99 % |

**K** Partner's share of liabilities at year end:

| | | |
|---|---|---|
| Nonrecourse | $ | 2,103,750. |
| Qualified nonrecourse financing | $ | |
| Recourse | $ | |

**L** Partner's capital account analysis:

| | | |
|---|---|---|
| Beginning capital account | $ | 1,109,459. |
| Capital contributed during the year | $ | 209,348. |
| Current year increase (decrease) | $ | -216,266. |
| Withdrawals and distributions | $ | |
| Ending capital account | $ | 1,102,541. |

☒ Tax basis    ☐ GAAP    ☐ Section 704(b) book
☐ Other (explain)

*See attached statement for additional information.

F O R   I R S   U S E   O N L Y

BAA For Paperwork Reduction Act Notice, see Instructions for Form 1065.

PARTNER 1

Schedule **K-1** (Form 1065) 2007

PTPA0312L   12/31/07

Schedule K-1 (Form 1065) 2007    THE ANDALUCIA PROJECT LLC    20-8740418    Page **2**

**This list identifies the codes used on Schedule K-1 for all partners and provides summarized reporting information for partners who file Form 1040. For detailed reporting and filing information, see the separate Partner's Instructions for Schedule K-1 and the instructions for your income tax return.**



| 1 | **Ordinary business income (loss).** You must first determine whether the income (loss) is passive or nonpassive. Then enter on your return as follows. | **Report on** |
|---|---|---|
| | Passive loss | See the Partner's Instructions |
| | Passive income | Schedule E, line 28, column (g) |
| | Nonpassive loss | Schedule E, line 28, column (h) |
| | Nonpassive income | Schedule E, line 28, column (j) |
| 2 | **Net rental real estate income (loss)** | See the Partner's Instructions |
| 3 | **Other net rental income (loss)** | |
| | Net income | Schedule E, line 28, column (g) |
| | Net loss | See the Partner's Instructions |
| 4 | **Guaranteed payments** | Schedule E, line 28, column (j) |
| 5 | **Interest income** | Form 1040, line 8a |
| 6a | **Ordinary dividends** | Form 1040, line 9a |
| 6b | **Qualified dividends** | Form 1040, line 9b |
| 7 | **Royalties** | Schedule E, line 4 |
| 8 | **Net short-term capital gain (loss)** | Schedule D, line 5, column (f) |
| 9a | **Net long-term capital gain (loss)** | Schedule D, line 12, column (f) |
| 9b | **Collectibles (28%) gain (loss)** | 28% Rate Gain Worksheet, line 4 (Schedule D Instructions) |
| 9c | **Unrecaptured section 1250 gain** | See the Partner's Instructions |
| 10 | **Net section 1231 gain (loss)** | See the Partner's Instructions |
| 11 | **Other income (loss)** | |
| | **Code** | |
| A | Other portfolio income (loss) | See the Partner's Instructions |
| B | Involuntary conversions | See the Partner's Instructions |
| C | Section 1256 contracts and straddles | Form 6781, line 1 |
| D | Mining exploration costs recapture | See the Partner's Instructions |
| E | Cancellation of debt | Form 1040, line 21 or Form 982 |
| F | Other income (loss) | See the Partner's Instructions |
| 12 | **Section 179 deduction** | See the Partner's Instructions |
| 13 | **Other deductions** | |
| A | Cash contributions (50%) | |
| B | Cash contributions (30%) | |
| C | Noncash contributions (50%) | |
| D | Noncash contributions (30%) | See the Partner's Instructions |
| E | Capital gain property to a 50% organization (30%) | |
| F | Capital gain property (20%) | |
| G | Investment interest expense | Form 4952, line 1 |
| H | Deductions — royalty income | Schedule E, line 18 |
| I | Section 59(e)(2) expenditures | See the Partner's Instructions |
| J | Deductions — portfolio (2% floor) | Schedule A, line 23 |
| K | Deductions — portfolio (other) | Schedule A, line 28 |
| L | Amounts paid for medical insurance | Schedule A, line 1 or Form 1040, line 29 |
| M | Educational assistance benefits | See the Partner's Instructions |
| N | Dependent care benefits | Form 2441, line 14 |
| O | Preproductive period expenses | See the Partner's Instructions |
| P | Commercial revitalization deduction from rental real estate activities | See Form 8582 Instructions |
| Q | Pensions and IRAs | See the Partner's Instructions |
| R | Reforestation expense deduction | See the Partner's Instructions |
| S | Domestic production activities information | See Form 8903 Instructions |
| T | Qualified production activities income | Form 8903, line 7 |
| U | Employer's W-2 wages | Form 8903, line 15 |
| V | Other deductions | See the Partner's Instructions |
| 14 | **Self-employment earnings (loss)** | |

**Note.** *If you have a section 179 deduction or any partner level deductions, see the Partner's Instructions before completing Schedule SE.*

| A | Net earnings (loss) from self-employment | Schedule SE, Section A or B |
| B | Gross farming or fishing income | See the Partner's Instructions |
| C | Gross non-farm income | See the Partner's Instructions |
| 15 | **Credits** | |
| A | Low-income housing credit (section 42(j)(5)) | |
| B | Low-income housing credit (other) | |
| C | Qualified rehabilitation expenditures (rental real estate) | See the Partner's Instructions |
| D | Other rental real estate credits | |
| E | Other rental credits | |
| F | Undistributed capital gains credit | Form 1040, line 70; check box a |
| G | Credit for alcohol used as fuel | |
| H | Work opportunity credit | |
| I | Welfare-to-work credit | See the Partner's Instructions |
| J | Disabled access credit | |

| | **Code** | **Report on** |
|---|---|---|
| K | Empowerment zone and renewal community employment credit | Form 8844, line 3 |
| L | Credit for increasing research activities | |
| M | New markets credit | See the Partner's Instructions |
| N | Credit for employer social security and Medicare taxes | |
| O | Backup withholding | Form 1040, line 64 |
| P | Other credits | See the Partner's Instructions |
| 16 | **Foreign transactions** | |
| A | Name of country or U.S. possession | |
| B | Gross income from all sources | Form 1116, Part I |
| C | Gross income sourced at partner level | |
| | *Foreign gross income sourced at partnership level* | |
| D | Passive category | |
| E | General category | Form 1116, Part I |
| F | Other | |
| | *Deductions allocated and apportioned at partner level* | |
| G | Interest expense | Form 1116, Part I |
| H | Other | Form 1116, Part I |
| | *Deductions allocated and apportioned at partnership level to foreign source income* | |
| I | Passive category | |
| J | General category | Form 1116, Part I |
| K | Other | |
| | *Other information* | |
| L | Total foreign taxes paid | Form 1116, Part II |
| M | Total foreign taxes accrued | Form 1116, Part II |
| N | Reduction in taxes available for credit | Form 1116, line 12 |
| O | Foreign trading gross receipts | Form 8873 |
| P | Extraterritorial income exclusion | Form 8873 |
| Q | Other foreign transactions | See the Partner's Instructions |
| 17 | **Alternative minimum tax (AMT) items** | |
| A | Post-1986 depreciation adjustment | |
| B | Adjusted gain or loss | See the Partner's |
| C | Depletion (other than oil & gas) | Instructions and |
| D | Oil, gas, & geothermal — gross income | the Instructions for |
| E | Oil, gas, & geothermal — deductions | Form 6251 |
| F | Other AMT items | |
| 18 | **Tax-exempt income and nondeductible expenses** | |
| A | Tax-exempt interest income | Form 1040, line 8b |
| B | Other tax-exempt income | See the Partner's Instructions |
| C | Nondeductible expenses | See the Partner's Instructions |
| 19 | **Distributions** | |
| A | Cash and marketable securities | See the Partner's Instructions |
| B | Other property | See the Partner's Instructions |
| 20 | **Other information** | |
| A | Investment income | Form 4952, line 4a |
| B | Investment expenses | Form 4952, line 5 |
| C | Fuel tax credit information | Form 4136 |
| D | Qualified rehabilitation expenditures (other than rental real estate) | See the Partner's Instructions |
| E | Basis of energy property | See the Partner's Instructions |
| F | Recapture of low-income housing credit (section 42(j)(5)) | Form 8611, line 8 |
| G | Recapture of low-income housing credit (other) | Form 8611, line 8 |
| H | Recapture of investment credit | Form 4255 |
| I | Recapture of other credits | See the Partner's Instructions |
| J | Look-back interest — completed long-term contracts | See Form 8697 |
| K | Look-back interest — income forecast method | See Form 8866 |
| L | Dispositions of property with section 179 deductions | |
| M | Recapture of section 179 deduction | |
| N | Interest expense for corporate partners | |
| O | Section 453(l)(3) information | |
| P | Section 453A(c) information | See the Partner's Instructions |
| Q | Section 1260(b) information | |
| R | Interest allocable to production expenditures | |
| S | CCF nonqualified withdrawals | |
| T | Information needed to figure depletion — oil and gas | |
| U | Amortization of reforestation costs | |
| V | Unrelated business taxable income | |
| W | Other information | |

PTPA0312L  12/31/07

PARTNER 1:   ARTHUR ASLANIAN    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

THE ANDALUCIA PROJECT LLC 20-8740418

SCHEDULE K-1 (FORM 1065) 2007          **SUPPLEMENTAL INFORMATION**                    *PAGE*  3

## BOX 2
## RENTAL REAL ESTATE ACTIVITIES

| PROPERTY DESCRIPTION | GROSS INCOME | NET EXPENSES | NET INCOME | PASSIVE NONPASS | SEC. 1231 TOTAL |
|---|---|---|---|---|---|
| RESIDENTIAL RENTAL PROPERTY | 100,939. | 315,622. $ -214,683. | | PASSIVE | |
| ROUNDING OR SPECIALLY ALLOCATED NET INCOME (LOSS) ADJUSTMENT | | | 1. | | |
| TOTAL | | | $ -214,682. | | |

**Schedule K-1**
(Form 1065)

Department of the Treasury
Internal Revenue Service

**2007**

For calendar year 2007, or tax

year beginning _____

ending _____ 2007

☐ Final K-1    ☐ Amended K-1

651107

OMB No. 1545-0099

## Partner's Share of Income, Deductions, Credits, etc.

► See separate instructions.

### Part I    Information About the Partnership

**A** Partnership's employer identification number
20-8740418

**B** Partnership's name, address, city, state, and ZIP code

THE ANDALUCIA PROJECT LLC
14900 VENTURA BLVD. STE 220
SHERMAN OAKS, CA 91403

**C** IRS Center where partnership filed return
OGDEN, UT

**D** ☐ Check if this is a publicly traded partnership (PTP)

### Part II    Information About the Partner

**E** Partner's identifying number

**F** Partner's name, address, city, state, and ZIP code

ANITA ASLANIAN
14900 VENTURA BLVD. STE 220
SHERMAN OAKS, CA 91403

**G** ☐ General partner or LLC member-manager    ☒ Limited partner or other LLC member

**H** ☒ Domestic partner    ☐ Foreign partner

**I** What type of entity is this partner? INDIVIDUAL

**J** Partner's share of profit, loss, and capital:

| | Beginning | Ending |
|---|---|---|
| Profit | 1 % | 1 % |
| Loss | 1 % | 1 % |
| Capital | 1 % | 1 % |

**K** Partner's share of liabilities at year end:

Nonrecourse ................. $ 21,250.
Qualified nonrecourse financing ...... $ _____
Recourse .................... $ _____

**L** Partner's capital account analysis:

Beginning capital account ...... $ 11,207.
Capital contributed during the year $ 2,115.
Current year increase (decrease) ... $ -2,185.
Withdrawals and distributions ... $ _____
Ending capital account ....... $ 11,137.

☒ Tax basis    ☐ GAAP    ☐ Section 704(b) book
☐ Other (explain)

### Part III    Partner's Share of Current Year Income, Deductions, Credits, and Other Items

| | | | |
|---|---|---|---|
| 1 | Ordinary business income (loss) | 15 | Credits |
| | -16. | | |
| 2 | Net rental real estate income (loss) | 16 | Foreign transactions |
| * | -2,169. | | |
| 3 | Other net rental income (loss) | | |
| 4 | Guaranteed payments | | |
| 5 | Interest income | | |
| 6a | Ordinary dividends | | |
| 6b | Qualified dividends | | |
| 7 | Royalties | | |
| 8 | Net short-term capital gain (loss) | | |
| 9a | Net long-term capital gain (loss) | 17 | Alternative minimum tax (AMT) items |
| 9b | Collectibles (28%) gain (loss) | | |
| 9c | Unrecaptured section 1250 gain | | |
| 10 | Net section 1231 gain (loss) | 18 | Tax-exempt income and nondeductible expenses |
| 11 | Other income (loss) | | |
| | | 19 | Distributions |
| 12 | Section 179 deduction | | |
| 13 | Other deductions | 20 | Other information |
| 14 | Self-employment earnings (loss) | | |

*See attached statement for additional information.

FOR IRS USE ONLY

BAA For Paperwork Reduction Act Notice, see Instructions for Form 1065.

PARTNER 2

Schedule K-1 (Form 1065) 2007

PTPA0312L  12/31/07

Schedule K-1 (Form 1065) 2007    THE ANDALUCIA PROJECT LLC    20-8740418    Page 2

**This list identifies the codes used on Schedule K-1 for all partners and provides summarized reporting information for partners who file Form 1040. For detailed reporting and filing information, see the separate Partner's Instructions for Schedule K and the instructions for your income tax return.**



1 Ordinary business income (loss). You must first determine whether the income (loss) is passive or nonpassive. Then enter on your return as follows:

| | Report on |
|---|---|
| Passive loss | See the Partner's Instructions |
| Passive income | Schedule E, line 28, column (g) |
| Nonpassive loss | Schedule E, line 28, column (h) |
| Nonpassive income | Schedule E, line 28, column (j) |

2 Net rental real estate income (loss)    See the Partner's Instructions
3 Other net rental income (loss)
  Net income    Schedule E, line 28, column (g)
  Net loss    See the Partner's Instructions
4 Guaranteed payments    Schedule E, line 28, column (j)
5 Interest income    Form 1040, line 8a
6a Ordinary dividends    Form 1040, line 9a
6b Qualified dividends    Form 1040, line 9b
7 Royalties    Schedule E, line 4
8 Net short-term capital gain (loss)    Schedule D, line 5, column (f)
9a Net long-term capital gain (loss)    Schedule D, line 12, column (f)
9b Collectibles (28%) gain (loss)    28% Rate Gain Worksheet, line 4 (Schedule D Instructions)
9c Unrecaptured section 1250 gain    See the Partner's Instructions
10 Net section 1231 gain (loss)    See the Partner's Instructions
11 Other income (loss)
  Code
  A Other portfolio income (loss)    See the Partner's Instructions
  B Involuntary conversions    See the Partner's Instructions
  C Section 1256 contracts and straddles    See the Partner's Instructions
  D Mining exploration costs recapture    See Pub 535
  E Cancellation of debt    Form 1040, line 21 or Form 982
  F Other income (loss)    See the Partner's Instructions
12 Section 179 deduction    See the Partner's Instructions
13 Other deductions
  A Cash contributions (50%)
  B Cash contributions (30%)
  C Noncash contributions (50%)
  D Noncash contributions (30%)    See the Partner's Instructions
  E Capital gain property to a 50% organization (30%)
  F Capital gain property (20%)
  G Investment interest expense    Form 4952, line 1
  H Deductions — royalty income    Schedule E, line 18
  I Section 59(e)(2) expenditures    See the Partner's Instructions
  J Deductions — portfolio (2% floor)    Schedule A, line 23
  K Deductions — portfolio (other)    Schedule A, line 28
  L Amounts paid for medical insurance    Schedule A, line 1 or Form 1040, line 29
  M Educational assistance benefits    See the Partner's Instructions
  N Dependent care benefits    Form 2441, line 14
  O Preproductive period expenses    See the Partner's Instructions
  P Commercial revitalization deduction from rental real estate activities    See Form 8582 Instructions
  Q Pensions and IRAs    See the Partner's Instructions
  R Reforestation expense deduction    See the Partner's Instructions
  S Domestic production activities information    See Form 8903 Instructions
  T Qualified production activities income    Form 8903, line 7
  U Employer's W-2 wages    Form 8903, line 15
  V Other deductions    See the Partner's Instructions
14 Self-employment earnings (loss)
Note. If you have a section 179 deduction or any partner-level deductions, see the Partner's Instructions before completing Schedule SE.
  A Net earnings (loss) from self-employment    Schedule SE, Section A or B
  B Gross farming or fishing income    See the Partner's Instructions
  C Gross non-farm income    See the Partner's Instructions
15 Credits
  A Low-income housing credit (section 42(j)(5))
  B Low-income housing credit (other)
  C Qualified rehabilitation expenditures (rental real estate)    See the Partner's Instructions
  D Other rental real estate credits
  E Other rental credits
  F Undistributed capital gains credit
  G Credit for alcohol used as fuel    Form 1040, line 70, check box a
  H Work opportunity credit
  I Welfare-to-work credit    See the Partner's Instructions
  J Disabled access credit

| | Code | Report on |
|---|---|---|
| | K Empowerment zone and renewal community employment credit | Form 8844, line 3 |
| | L Credit for increasing research activities | |
| | M New markets credit | See the Partner's Instructions |
| | N Credit for employer social security and Medicare taxes | |
| | O Backup withholding | Form 1040, line 64 |
| | P Other credits | See the Partner's Instructions |

16 Foreign transactions
  A Name of country or U.S. possession
  B Gross income from all sources    Form 1116, Part I
  C Gross income sourced at partner level
Foreign gross income sourced at partnership level
  D Passive category
  E General category    Form 1116, Part I
  F Other
Deductions allocated and apportioned at partner level
  G Interest expense    Form 1116, Part I
  H Other    Form 1116, Part I
Deductions allocated and apportioned at partnership level to foreign source income
  I Passive category
  J General category    Form 1116, Part I
  K Other
Other information
  L Total foreign taxes paid    Form 1116, Part II
  M Total foreign taxes accrued    Form 1116, Part II
  N Reduction in taxes available for credit    Form 1116, line 12
  O Foreign trading gross receipts    Form 8873
  P Extraterritorial income exclusion    Form 8873
  Q Other foreign transactions    See the Partner's Instructions
17 Alternative minimum tax (AMT) items
  A Post-1986 depreciation adjustment
  B Adjusted gain or loss
  C Depletion (other than oil & gas)    See the Partner's Instructions and the Instructions for Form 6251
  D Oil, gas, & geothermal — gross income
  E Oil, gas, & geothermal — deductions
  F Other AMT items
18 Tax-exempt income and nondeductible expenses
  A Tax-exempt interest income    Form 1040, line 8b
  B Other tax-exempt income    See the Partner's Instructions
  C Nondeductible expenses    See the Partner's Instructions
19 Distributions
  A Cash and marketable securities    See the Partner's Instructions
  B Other property    See the Partner's Instructions
20 Other information
  A Investment income    Form 4952, line 4a
  B Investment expenses    Form 4952, line 5
  C Fuel tax credit information    Form 4136
  D Qualified rehabilitation expenditures (other than rental real estate)    See the Partner's Instructions
  E Basis of energy property    See the Partner's Instructions
  F Recapture of low-income housing credit (section 42(j)(5))    Form 8611, line 8
  G Recapture of low-income housing credit (other)    Form 8611, line 8
  H Recapture of investment credit    Form 4255
  I Recapture of other credits    See the Partner's Instructions
  J Look-back interest — completed long-term contracts    See Form 8697
  K Look-back interest — income forecast method    See Form 8866
  L Dispositions of property with section 179 deductions
  M Recapture of section 179 deduction
  N Interest expense for corporate partners
  O Section 453(l)(3) information
  P Section 453A(c) information
  Q Section 1260(b) information    See the Partner's Instructions
  R Interest allocable to production expenditures
  S CCF nonqualified withdrawals
  T Information needed to figure depletion — oil and gas
  U Amortization of reforestation costs
  V Unrelated business taxable income
  W Other information

PTPA0312L 12/31/07
PARTNER 2:    ANITA ASLANIAN    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

Schedule K-1 (Form 1065) 2007

THE ANDALUCIA PROJECT LLC 20-8740418

SCHEDULE K-1 (FORM 1065) 2007                    **SUPPLEMENTAL INFORMATION**                              PAGE  3

**BOX 2**
**RENTAL REAL ESTATE ACTIVITIES**

| PROPERTY DESCRIPTION | GROSS INCOME | NET EXPENSES | NET INCOME | PASSIVE NONPASS | SEC. 1231 TOTAL |
|---|---|---|---|---|---|
| RESIDENTIAL RENTAL PROPERTY | 1,020. | 3,188. $ | -2,168. | PASSIVE | |
| ROUNDING OR SPECIALLY ALLOCATED NET INCOME (LOSS) ADJUSTMENT | | | -1. | | |
| TOTAL | | | $ -2,169. | | |

PARTNER 2:  ANITA ASLANIAN    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

SPSL1201L  07/31/03

51

Form **4562**

Department of the Treasury
Internal Revenue Service

**Depreciation and Amortization**
(Including Information on Listed Property)

► **See separate instructions.**   ► **Attach to your tax return.**

OMB No. 1545-0172

**2007**

Attachment
Sequence No. **67**

Name(s) shown on return

THE ANDALUCIA PROJECT LLC

Identifying number

20-8740418

Business or activity to which this form relates

FORM 8825, RENTAL REAL ESTATE - RESIDENTIAL RENTAL PROPERTY

**Part I** | **Election To Expense Certain Property Under Section 179**

Note: *If you have any listed property, complete Part V before you complete Part I.*

| | | | |
|---|---|---|---|
| 1 | Maximum amount. See the instructions for a higher limit for certain businesses | **1** | $125,000. |
| 2 | Total cost of section 179 property placed in service (see instructions) | **2** | |
| 3 | Threshold cost of section 179 property before reduction in limitation | **3** | $500,000. |
| 4 | Reduction in limitation. Subtract line 3 from line 2. If zero or less, enter -0- | **4** | |
| 5 | Dollar limitation for tax year. Subtract line 4 from line 1. If zero or less, enter -0-. If married filing separately, see instructions | **5** | |

| 6 | (a) Description of property | (b) Cost (business use only) | (c) Elected cost |
|---|---|---|---|
| | | | |
| | | | |

| | | | |
|---|---|---|---|
| 7 | Listed property. Enter the amount from line 29 | **7** | |
| 8 | Total elected cost of section 179 property. Add amounts in column (c), lines 6 and 7 | **8** | |
| 9 | Tentative deduction. Enter the **smaller** of line 5 or line 8 | **9** | |
| 10 | Carryover of disallowed deduction from line 13 of your 2006 Form 4562 | **10** | |
| 11 | Business income limitation. Enter the smaller of business income (not less than zero) or line 5 (see instrs) | **11** | |
| 12 | Section 179 expense deduction. Add lines 9 and 10, but do not enter more than line 11 | **12** | |
| 13 | Carryover of disallowed deduction to 2008. Add lines 9 and 10, less line 12 ► | **13** | |

Note: *Do not use Part II or Part III below for listed property. Instead, use Part V.*

**Part II** | **Special Depreciation Allowance and Other Depreciation (Do not** include listed property.) (See instructions.)

| | | | |
|---|---|---|---|
| 14 | Special allowance for qualified New York Liberty or Gulf Opportunity Zone property (other than listed property) and cellulosic biomass ethanol plant property placed in service during the tax year (see instructions) | **14** | |
| 15 | Property subject to section 168(f)(1) election | **15** | |
| 16 | Other depreciation (including ACRS) | **16** | |

**Part III** | **MACRS Depreciation (Do not** include listed property.) (See instructions)

**Section A**

| | | | |
|---|---|---|---|
| 17 | MACRS deductions for assets placed in service in tax years beginning before 2007 | **17** | 35,232. |
| 18 | If you are electing to group any assets placed in service during the tax year into one or more general asset accounts, check here ► ☐ | | |

**Section B — Assets Placed in Service During 2007 Tax Year Using the General Depreciation System**

| (a) Classification of property | (b) Month and year placed in service | (c) Basis for depreciation (business/investment use only — see instructions) | (d) Recovery period | (e) Convention | (f) Method | (g) Depreciation deduction |
|---|---|---|---|---|---|---|
| 19a 3-year property | | | | | | |
| b 5-year property | | | | | | |
| c 7-year property | | | | | | |
| d 10-year property | | | | | | |
| e 15-year property | | | | | | |
| f 20-year property | | | | | | |
| g 25-year property | | | 25 yrs | | S/L | |
| h Residential rental property | VARIOUS | 32,237. | 27.5 yrs | MM | S/L | 1,123. |
| | | | 27.5 yrs | MM | S/L | |
| i Nonresidential real property | | | 39 yrs | MM | S/L | |
| | | | | MM | S/L | |

**Section C — Assets Placed in Service During 2007 Tax Year Using the Alternative Depreciation System**

| (a) | (b) | (c) | (d) | (e) | (f) | (g) |
|---|---|---|---|---|---|---|
| 20a Class life | | | | | S/L | |
| b 12-year | | | 12 yrs | | S/L | |
| c 40-year | | | 40 yrs | MM | S/L | |

**Part IV** | **Summary** (see instructions)

| | | | |
|---|---|---|---|
| 21 | Listed property. Enter amount from line 28 | **21** | |
| 22 | Total. Add amounts from line 12, lines 14 through 17, lines 19 and 20 in column (g), and line 21. Enter here and on the appropriate lines of your return. Partnerships and S corporations — see instructions | **22** | 36,355. |
| 23 | For assets shown above and placed in service during the current year, enter the portion of the basis attributable to section 263A costs | **23** | |

**BAA  For Paperwork Reduction Act Notice, see separate instructions.**

FDIZ0812L 10/05/07

Form 4562 (2007)

Form 4562 (2007)    THE ANDALUCIA PROJECT LLC                                    20-8740418        Page 2

**Part V    Listed Property** (Include automobiles, certain other vehicles, cellular telephones, certain computers, and property used for entertainment, recreation, or amusement.)

**Note:** *For any vehicle for which you are using the standard mileage rate or deducting lease expense, complete* **only** *24a, 24b, columns (a) through (c) of Section A, all of Section B, and Section C if applicable.*

**Section A – Depreciation and Other Information (Caution:** *See the instructions for limits for passenger automobiles.)*

| 24a Do you have evidence to support the business/investment use claimed? | | | | | Yes | No | 24b If 'Yes,' is the evidence written? | | Yes | No |
|---|---|---|---|---|---|---|---|---|---|---|
| **(a)** Type of property (list vehicles first) | **(b)** Date placed in service | **(c)** Business/ investment use percentage | **(d)** Cost or other basis | **(e)** Basis for depreciation (business/investment use only) | **(f)** Recovery period | **(g)** Method/ Convention | **(h)** Depreciation deduction | | **(i)** Elected section 179 cost | |

25  Special allowance for qualified Gulf Opportunity Zone property placed in service during the tax year and used more than 50% in a qualified business use (see instructions) . . . | 25 |

26  Property used more than 50% in a qualified business use:

|  |  |  |  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |

27  Property used 50% or less in a qualified business use:

|  |  |  |  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |

28  Add amounts in column (h), lines 25 through 27. Enter here and on line 21, page 1 . . . . . . . . | 28 |

29  Add amounts in column (i), line 26. Enter here and on line 7, page 1 . . . . . . . . . . | | 29 |

**Section B – Information on Use of Vehicles**

Complete this section for vehicles used by a sole proprietor, partner, or other 'more than 5% owner,' or related person. If you provided vehicles to your employees, first answer the questions in Section C to see if you meet an exception to completing this section for those vehicles.

| | **(a)** Vehicle 1 | | **(b)** Vehicle 2 | | **(c)** Vehicle 3 | | **(d)** Vehicle 4 | | **(e)** Vehicle 5 | | **(f)** Vehicle 6 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 30  Total business/investment miles driven during the year (**do not** include commuting miles) . . . . . | | | | | | | | | | | | |
| 31  Total commuting miles driven during the year . . . . . | | | | | | | | | | | | |
| 32  Total other personal (noncommuting) miles driven . . . . . | | | | | | | | | | | | |
| 33  Total miles driven during the year. Add lines 30 through 32 . . . . . | | | | | | | | | | | | |
| | Yes | No | Yes | No | Yes | No | Yes | No | Yes | No | Yes | No |
| 34  Was the vehicle available for personal use during off-duty hours? . . . . . | | | | | | | | | | | | |
| 35  Was the vehicle used primarily by a more than 5% owner or related person? . . . . . | | | | | | | | | | | | |
| 36  Is another vehicle available for personal use? . . . . . | | | | | | | | | | | | |

**Section C – Questions for Employers Who Provide Vehicles for Use by Their Employees**

Answer these questions to determine if you meet an exception to completing Section B for vehicles used by employees who **are not** more than 5% owners or related persons (see instructions).

| | | Yes | No |
|---|---|---|---|
| 37  Do you maintain a written policy statement that prohibits all personal use of vehicles, including commuting, by your employees? . . . . . | | | |
| 38  Do you maintain a written policy statement that prohibits personal use of vehicles, except commuting, by your employees? See the instructions for vehicles used by corporate officers, directors, or 1% or more owners . . . . . | | | |
| 39  Do you treat all use of vehicles by employees as personal use? . . . . . | | | |
| 40  Do you provide more than five vehicles to your employees, obtain information from your employees about the use of the vehicles, and retain the information received? . . . . . | | | |
| 41  Do you meet the requirements concerning qualified automobile demonstration use? (See instructions.) . . . . . | | | |

**Note:** *If your answer to 37, 38, 39, 40, or 41 is 'Yes,' do not complete Section B for the covered vehicles.*

**Part VI    Amortization**

| **(a)** Description of costs | **(b)** Date amortization begins | **(c)** Amortizable amount | **(d)** Code section | **(e)** Amortization period or percentage | **(f)** Amortization for this year |
|---|---|---|---|---|---|
| 42  Amortization of costs that begins during your 2007 tax year (see instructions): | | | | | |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

| | | |
|---|---|---|
| 43  Amortization of costs that began before your 2007 tax year . . . . . | 43 | 755. |
| 44  **Total.** Add amounts in column (f). See the instructions for where to report . . . . . | 44 | 755. |

FDIZ0812L 10/05/07                                                        Form **4562** (2007)

53

| 2007 | FEDERAL STATEMENTS | PAGE 1 |
|---|---|---|
| | THE ANDALUCIA PROJECT LLC | 20-8740418 |

**STATEMENT 1**
**FORM 1065, SCHEDULE L, LINE 6**
**OTHER CURRENT ASSETS**

| | | BEGINNING | ENDING |
|---|---|---|---|
| RECEIVABLE - RYE | | $ 4,100. | $ 0. |
| RECEIVABLE - SKY | | 3,780. | 0. |
| | TOTAL | $ 7,880. | $ 0. |

**STATEMENT 2**
**FORM 1065, SCHEDULE L, LINE 17**
**OTHER CURRENT LIABILITIES**

| | | BEGINNING | ENDING |
|---|---|---|---|
| LOAN - ADC | | $ 7,300. | $ 0. |
| LOAN - CPM | | 4,400. | 0. |
| | TOTAL | $ 11,700. | $ 0. |

**STATEMENT 3**
**FORM 8825, LINE 15**
**OTHER EXPENSES**

PROPERTY A: RESIDENTIAL RENTAL PROPERTY - 4235-41 FULTON AVENUE SHERMAN OAKS
PROPERTY B: -
PROPERTY C: -
PROPERTY D: -

| | PROPERTY A | PROPERTY B | PROPERTY C | PROPERTY D |
|---|---|---|---|---|
| AMORTIZATION | $ 755. | | | |
| BANK SERVICE CHARGES | 11. | | | |
| CARPET | 1,138. | | | |
| DUES & SUBSCRIPTIONS | 50. | | | |
| GARDENING | 2,920. | | | |
| LICENSES AND PERMITS | 70. | | | |
| LOAN FEES | 13,032. | | | |
| MANAGEMENT FEES | 5,708. | | | |
| OFFICE EXP. | 717. | | | |
| PAINTING AND DECORATING | 1,822. | | | |
| PEST CONTROL | 580. | | | |
| POSTAGE | 55. | | | |
| PRINTING & REPRODUCTION | 817. | | | |
| SYSTEMATIC CODE ENF. | 597. | | | |
| TRASH REMOVAL | 1,457. | | | |
| TOTAL | $ 29,729. | | | |

| 2007 | GENERAL WORKSHEETS | PAGE 1 |
|------|--------------------|--------|
| CLIENT 20102 | THE ANDALUCIA PROJECT LLC | 20-8740418 |
| 10/10/08 | | 11:26AM |

**COMPUTATION OF ENDING DEPRECIABLE ASSETS**
**FORM 1065, SCHEDULE L, LINE 9A**

| | | |
|---|---|---|
| BEGINNING DEPRECIABLE ASSETS | $ | 969,000. |
| DEPRECIABLE ASSETS PLACED IN SERVICE IN CURRENT YEAR | | 32,237. |
| DEPRECIABLE ASSETS SOLD DURING CURRENT YEAR | | 0. |
| ENDING DEPRECIABLE ASSETS | $ | 1,001,237. |

**COMPUTATION OF ENDING ACCUMULATED DEPRECIATION**
**FORM 1065, SCHEDULE L, LINE 9B**

| | | |
|---|---|---|
| BEGINNING ACCUMULATED DEPRECIATION | $ | 7,345. |
| CURRENT YEAR BOOK DEPRECIATION | | 36,355. |
| ACCUMULATED DEPRECIATION ON ASSETS SOLD THIS YEAR | | 0. |
| ENDING ACCUMULATED DEPRECIATION | $ | 43,700. |

**COMPUTATION OF ENDING ACCUMULATED AMORTIZATION**
**FORM 1065, SCHEDULE L, LINE 12B**

| | | |
|---|---|---|
| BEGINNING ACCUMULATED AMORTIZATION | $ | 189. |
| CURRENT YEAR BOOK AMORTIZATION | | 755. |
| ACCUMULATED AMORTIZATION ON ASSETS SOLD THIS YEAR | | 0. |
| ENDING ACCUMULATED AMORTIZATION | $ | 944. |

| 2007 | SELF-EMPLOYMENT WORKSHEET | PAGE 1 |
|------|---------------------------|--------|
| CLIENT 20102 | THE ANDALUCIA PROJECT LLC | |
| 10/10/08 | | 20-8740418 |
| | | 11:26AM |

### NET EARNINGS (LOSS) FROM SELF-EMPLOYMENT CALCULATION

| Partner Number | General, Limited, or Member | Entity Type | Ordinary Income or (Loss) | Other Rental Income or (Loss) | Adjustments: 1. Plus Certain Rental RE Income 2. Plus Passthrough SE Income (Loss) 3. Less Passthrough Ord. Inc. (Loss) 4. Less 4797 Gain or (Loss) | Guaranteed Payments to Partners | Manual Self-Employment Adjustment | Net Earnings (Loss) From Self-Employment  Schedule K-1 Box 14, Code A |
|---|---|---|---|---|---|---|---|---|
| 1 | MEM | IND | -1,584 | | | | | -1,584 |
| | | | -1,584 | | | | | -1,584 |

PTPL0301L  11/12/04

56

2007

# SCHEDULE K-1 ALLOCATION SUMMARY

PAGE 1

20-8740418

11:26AM

CLIENT 20102

THE ANDALUCIA PROJECT LLC

10/10/08

PTR# NAME
1 ARTHUR ASLANIAN
2 ANITA ASLANIAN

| LINE | ITEM | TOTAL ON SCHEDULE K | PARTNER 1 | PARTNER 2 |
|------|------|---------------------|-----------|-----------|
| L | PROFIT SHARING ALLOC. PERCENTAGE | | 99.000000 | 1.000000 |
| L | LOSS SHARING ALLOC. PERCENTAGE | | 99.000000 | 1.000000 |
| 1 | ORDINARY BUSINESS INCOME (LOSS) | -1,600. | -1,584. | -16. |
| 2 | NET RENTAL REAL ESTATE INCOME ( | -216,851. | -214,682. | -2,169. |
| 14 | NET EARNINGS (LOSS) FROM S.E. | -1,584. | -1,584. | |

| 2007 | **CAPITAL ACCOUNT RECONCILIATION** | **PAGE 1** |
|---|---|---|
| CLIENT 20102 | **THE ANDALUCIA PROJECT LLC** | 20-8740418 |
| 10/10/08 | | 11.27AM |

### FEDERAL ANALYSIS OF PARTNERS' CAPITAL ACCOUNTS

| Partner Number | Partner Name | Beginning Capital Account | Capital Contributed during the year | Partner's share of lines 3, 4, and 7 Fm 1065,Sch. M-2 | Withdrawals and Distributions | Ending Capital Account |
|---|---|---|---|---|---|---|
| 1 | ARTHUR ASLANIAN | 1,109,459. | 209,348. | -216,266. | | 1,102,541. |
| 2 | ANITA ASLANIAN | 11,207. | 2,115. | -2,185. | | 11,137. |
| | TOTALS | 1,120,666. | 211,463. | -218,451. | | 1,113,678. |

PTPL0501L  11/09/04

| 2007 | PARTNERS' ALLOCATION PERCENTAGES | | | | | PAGE 1 |
|---|---|---|---|---|---|---|
| CLIENT 20102 | | THE ANDALUCIA PROJECT LLC | | | | 20-8740418 |
| 10/10/08 | | | | | | 11:27AM |

| Partner Number | Partner Name | Partner Identification Number | Partner Percentage of Profit Sharing | Partner Percentage of Loss Sharing | Partner Percentage of Ownership of Capital |
|---|---|---|---|---|---|
| 1 | ARTHUR ASLANIAN | ▮▮▮▮▮ | 99.000000 | 99.000000 | 99.000000 |
| 2 | ANITA ASLANIAN | | 1.000000 | 1.000000 | 1.000000 |
| | | TOTALS | 100.000000 | 100.000000 | 100.000000 |

PTPL0401L  07/17/0?

| 12/31/07 | 2007 FEDERAL SUMMARY DEPRECIATION SCHEDULE | PAGE 1 |
|---|---|---|

**CLIENT 20102**

**THE ANDALUCIA PROJECT LLC**

20-8740418

10/10/08

11:27AM

| NO | DESCRIPTION | DATE ACQUIRED | DATE SOLD | COST/ BASIS | BUS. PCT. | CUR 179/ SDA | PRIOR 179/ SDA/ DEPR. | METHOD | LIFE | CURRENT DEPR. |
|---|---|---|---|---|---|---|---|---|---|---|
| RENTAL REAL ESTATE - RESIDENTIAL RENTAL PROPERTY | | | | | | | | | | |
| | AMORTIZATION | | | | | | | | | |
| 5 | ESCROW FEES | 10/04/06 | | 20,775 | | | 189 | S/L | 27.5 | 755 |
| | TOTAL AMORTIZATION | | | 20,775 | | 0 | 189 | | | 755 |
| | BUILDINGS | | | | | | | | | |
| 1 | 4235 FULTON AVE-BLD | 10/04/06 | | 465,000 | | | 3,525 | S/L  MM | 27.5 | 16,907 |
| 3 | 4241 FULTON AVE-BLD | 10/04/06 | | 504,000 | | | 3,820 | S/L  MM | 27.5 | 18,325 |
| | TOTAL BUILDINGS | | | 969,000 | | 0 | 7,345 | | | 35,232 |
| | IMPROVEMENTS | | | | | | | | | |
| 6 | IMPROVEMENTS | VARIOUS | | 32,237 | | | | S/L  MM | 27.5 | 1,123 |
| | TOTAL IMPROVEMENTS | | | 32,237 | | 0 | 0 | | | 1,123 |
| | LAND | | | | | | | | | |
| 2 | 4235 FULTON AVE-LND | 10/04/06 | | 1,085,000 | | | | | | 0 |
| 4 | 4241 FULTON AVE-LND | 10/04/06 | | 1,176,000 | | | | | | 0 |
| | TOTAL LAND | | | 2,261,000 | | 0 | 0 | | | 0 |
| | TOTAL DEPRECIATION | | | 3,262,237 | | 0 | 7,345 | | | 36,355 |
| | GRAND TOTAL AMORTIZATION | | | 20,775 | | 0 | 189 | | | 755 |
| | GRAND TOTAL DEPRECIATION | | | 3,262,237 | | 0 | 7,345 | | | 36,355 |

**12/31/07**

CLIENT 20102

10/10/08

# 2007 FEDERAL DEPRECIATION SCHEDULE

## THE ANDALUCIA PROJECT LLC

PAGE 1

20-8740418

11:27AM

RENTAL REAL ESTATE - RESIDENTIAL RENTAL PROPERTY

| NO. | DESCRIPTION | DATE ACQUIRED | DATE SOLD | COST/BASIS | BUS. PCT. | CUR 179 BONUS | SPECIAL DEPR. ALLOW | PRIOR 179/BONUS/SP.DEPR | PRIOR DEC. BAL. DEPR | SALVAG/BASIS REDUCT | DEPR. BASIS | PRIOR DEPR. | METHOD | LIFE | RATE | CURRENT DEPR. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | **AMORTIZATION** | | | | | | | | | | | | | | | |
| 5 | ESCROW FEES | 10/04/06 | | 20,775 | | | | | | | 20,775 | 189 | S/L | 27.5 | | 755 |
| | TOTAL AMORTIZATION | | | 20,775 | | | 0 | 0 | 0 | 0 | 20,775 | 189 | | | | 755 |
| | **BUILDINGS** | | | | | | | | | | | | | | | |
| 1 | 4235 FULTON AVE BLD | 10/04/06 | | 465,000 | | | | | | | 465,000 | 3,525 | S/L MM | 27.5 | .03636 | 16,907 |
| 3 | 4241 FULTON AVE BLD | 10/04/06 | | 504,000 | | | | | | | 504,000 | 3,820 | S/L MM | 27.5 | .03636 | 18,325 |
| | TOTAL BUILDINGS | | | 969,000 | | 0 | 0 | 0 | 0 | 0 | 969,000 | 7,345 | | | | 35,232 |
| | **IMPROVEMENTS** | | | | | | | | | | | | | | | |
| 6 | IMPROVEMENTS | VARIOUS | | 32,237 | | | | | | | 32,237 | 0 | S/L MM | 27.5 | .03485 | 1,123 |
| | TOTAL IMPROVEMENTS | | | 32,237 | | 0 | 0 | 0 | 0 | 0 | 32,237 | 0 | | | | 1,123 |
| | **LAND** | | | | | | | | | | | | | | | |
| 2 | 4235 FULTON AVE LND | 10/04/06 | | 1,085,000 | | | | | | | 1,085,000 | 0 | | | | 0 |
| 4 | 4241 FULTON AVE LND | 10/04/06 | | 1,176,000 | | | | | | | 1,176,000 | | | | | 0 |
| | TOTAL LAND | | | 2,261,000 | | 0 | 0 | 0 | 0 | 0 | 2,261,000 | 0 | | | | 0 |
| | **TOTAL DEPRECIATION** | | | 3,262,237 | | 0 | 0 | 0 | 0 | 0 | 3,262,237 | 7,345 | | | | 36,355 |

61

| 12/31/07 | | | | 2007 FEDERAL DEPRECIATION SCHEDULE | | | | | | | | | | PAGE 2 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CLIENT 20102 | | | | | | THE ANDALUCIA PROJECT LLC | | | | | | | | 20-8740418 |
| 10/10/08 | | | | | | | | | | | | | | 11:27AM |
| NO. | DESCRIPTION | DATE ACQUIRED | DATE SOLD | COST/ BASIS | BUS. PCT. | CUR 179 BONUS | SPECIAL DEPR. ALLOW | PRIOR 179/ BONUS/ SP DEPR | PRIOR DEC.BAL DEPR | SALVAG /BASIS REDUCT | DEPR. BASIS | PRIOR DEPR | METHOD LIFE RATE | CURRENT DEPR |
| | GRAND TOTAL AMORTIZATION | | | 20,775 | | 0 | 0 | 0 | 0 | 0 | 20,775 | 189 | | 755 |
| | GRAND TOTAL DEPRECIATION | | | 3,262,237 | | 0 | 0 | 0 | 0 | 0 | 3,262,237 | 7,345 | | 36,355 |

62

12/31/07   **2007 FEDERAL ALTERNATIVE MINIMUM TAX DEPRECIATION SCHEDULE**   PAGE 1

CLIENT 20102

THE ANDALUCIA PROJECT LLC

20-8740418

10/10/08                                                                                    11:27AM

| NO. | DESCRIPTION | DATE ACQUIRED | DATE SOLD | AMT BASIS | AMT PRIOR DEPR | AMT METHOD | AMT LIFE | AMT RATE | AMT DEPR | REG. DEPR | OWN PCT | POST 86 DEPR ADJ | REAL PROP PREF | LEAS PER PROP PREF | 59 (E)(2) AMORT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| RENTAL REAL ESTATE - RESIDENTIAL RENTAL PROPERTY | | | | | | | | | | | | | | | |
| BUILDINGS | | | | | | | | | | | | | | | |
| 1 | 4235 FULTON AVE BLD | 10/04/06 | | 465,000 | 3,525 | S/L MM | 27.5 | .03636 | 16,907 | 16,907 | | | | | 0 |
| 3 | 4241 FULTON AVE BLD | 10/04/06 | | 504,000 | 3,820 | S/L MM | 27.5 | .03636 | 18,325 | 18,325 | | | | | 0 |
| | TOTAL BUILDINGS | | | 969,000 | 7,345 | | | | 35,232 | 35,232 | | 0 | 0 | 0 | 0 |
| IMPROVEMENTS | | | | | | | | | | | | | | | |
| 6 | IMPROVEMENTS | VARIOUS | | 32,237 | | S/L MM | 27.5 | .03485 | 1,123 | 1,123 | | | | | 0 |
| | TOTAL IMPROVEMENTS | | | 32,237 | 0 | | | | 1,123 | 1,123 | | 0 | 0 | 0 | 0 |
| LAND | | | | | | | | | | | | | | | |
| 2 | 4235 FULTON AVE LND | 10/04/06 | | 1,085,000 | | | | | 0 | 0 | | | | | 0 |
| 4 | 4241 FULTON AVE LND | 10/04/06 | | 1,176,000 | | | | | 0 | 0 | | | | | 0 |
| | TOTAL LAND | | | 2,261,000 | 0 | | | | 0 | 0 | | 0 | 0 | 0 | 0 |
| | TOTAL DEPRECIATION | | | 3,262,237 | 7,345 | | | | 36,355 | 36,355 | | 0 | 0 | 0 | 0 |
| | GRAND TOTAL DEPRECIATION | | | 3,262,237 | 7,345 | | | | 36,355 | 36,355 | | 0 | 0 | 0 | 0 |

63

| 2007 | FEDERAL INCOME TAX SUMMARY | | PAGE 1 |
|------|---------------------------|---|--------|

### THE ANDALUCIA PROJECT LLC

20-8740418

| | 2007 | 2006 | DIFF |
|---|---|---|---|
| **TRADE OR BUSINESS INCOME** | | | |
| TOTAL INCOME (LOSS) | 0 | 0 | 0 |
| **TRADE OR BUSINESS DEDUCTIONS** | | | |
| TAXES AND LICENSES | 1,600 | 0 | 1,600 |
| TOTAL DEDUCTIONS | 1,600 | 0 | 1,600 |
| **SCHEDULE K - INCOME** | | | |
| ORDINARY BUSINESS INCOME (LOSS) | -1,600 | 0 | -1,600 |
| NET RENTAL REAL ESTATE INCOME (LOSS) | -216,851 | -57,403 | -159,448 |
| **SCHEDULE K - SELF-EMPLOYMENT** | | | |
| NET EARN. (LOSS) FROM SELF-EMPLOYMENT | -1,584 | 0 | -1,584 |
| **SCHEDULE L - BALANCE SHEET** | | | |
| BEGINNING ASSETS | 3,257,366 | 0 | 3,257,366 |
| BEGINNING LIABILITIES AND CAPITAL | 3,257,366 | 0 | 3,257,366 |
| ENDING ASSETS | 3,238,678 | 3,257,366 | -18,688 |
| ENDING LIABILITIES AND CAPITAL | 3,238,678 | 3,257,366 | -18,688 |

| 2007 | FEDERAL BALANCE SHEET SUMMARY | | PAGE 1 |
|------|--------------------------------|--|--------|
| | THE ANDALUCIA PROJECT LLC | | 20-8740418 |

**ENDING ASSETS**

| | | |
|---|--:|--:|
| CASH | | 310 |
| BUILDINGS AND OTHER ASSETS | 1,001,237 | |
| LESS ACCUMULATED DEPRECIATION | (43,700) | 957,537 |
| LAND | | 2,261,000 |
| INTANGIBLE ASSETS | 20,775 | |
| LESS ACCUMULATED AMORTIZATION | (944) | 19,831 |
| TOTAL ASSETS | | 3,238,678 |

**ENDING LIABILITIES & CAPITAL**

| | |
|---|--:|
| LONG TERM NOTES PAYABLE | 2,125,000 |
| PARTNERS' CAPITAL ACCOUNTS | 1,113,678 |
| TOTAL LIABILITIES AND CAPITAL | 3,238,678 |

**TAX & BUSINESS CNSLTG GRP AN ACCOUNTANCY CORP**
1010 N CENTRAL AVE.
GLENDALE, CA 91202-2937
(818) 662-8880

Client 20102
October 10, 2008

**THE ANDALUCIA PROJECT LLC**
**15303 VENTURA BLVD STE 1080**
**SHERMAN OAKS, CA 91403**

---

### FEDERAL FORMS

| | |
|---|---|
| Form 1065 | 2007 U.S. Return of Partnership Income |
| Schedule K-1 | Partner's Share of Income, Deductions, Credits |
| Form 4562 | Depreciation and Amortization |
| Form 8825 | Rental Real Estate Income and Expenses |
| | Depreciation Schedules |

### CALIFORNIA FORMS

| | |
|---|---|
| Form 568 | 2007 California LLC Return of Income |
| Schedule K-1 (568) | Member's Share of Income, Deductions, Credits |
| Form 3522 | Limited Liability Company Tax Voucher |
| Form 3885L | Depreciation and Amortization |
| Form 8825 | Rental Real Estate Income and Expenses |
| | California Depreciation Schedules |

### FEE SUMMARY

Preparation Fee