David A. Tilem (Bar No. 103825)
LAW OFFICES OF DAVID A. TILEM
206 North Jackson Street
Glendale, California 91206
Tel: 818-507-6000   Fax: 818-507-6800
Email: DavidTilem@TilemLaw.com

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>THE ANDALUCIA PROJECT, LLC,<br><br>        Debtor. | Case No. **1:09-21502-MT**<br><br>Chapter 11<br><br>DEBTOR'S REPLY TO OBJECTIONS BY NAT TO CONFIRMATION OF DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION<br><br><u>Plan Confirmation Hearing</u><br>Date: May 10, 2010<br>Time: 11:00 a.m.<br>Ctrm: 302<br>     21041 Burbank Blvd.<br>     Woodland Hills, CA 91367 |

NAT Real Estate Investments Management Group, Inc. ("NAT") has voted against, and objected to confirmation of Debtor's First Amended Chapter 11 plan.

The NAT brief is somewhat confusing due to some internally conflicting figures. Second, NAT's position is difficult to understand given Debtor's options in this case. Finally, given that Debtor's plan satisfies all of the elements of §1129(a), the plan should be confirmed.

/ / /

# I.

## THE OPPOSITION IS INTERNALLY INCONSISTENT

NAT's brief filed April 19, 2010 states, on page 2 at lines 3-4, that NAT's note is $1.8 million underwater. Based on a Court valuation of the property at $1.4 million, NAT appears to be claiming that it is owed $3.2 million. On page 3, line 10, NAT claims that it is owed $2.8 million. On the same page, just 9 lines later, NAT asserts that it is owed $2.42 million. Finally, NAT's Proof of Claim filed January 27, 2010 reflects a claim of $2.25 million, a secured claim of $1.6 million (NAT acknowledges in its brief on page 3, line 9, that the Court has valued the property at $1.4 million) and an interest rate of $8.25%. The Proof of Claim fails to provide a breakdown of principal versus accrued interest making it all but impossible to compute how NAT gets from $2.25 million to $2.42 million.

In truth, however, all of NAT's figures are likely incorrect for several reasons:

1. NAT refuses to acknowledge that the interest rate on its note was modified to 3.75%;

2. NAT appears to be compounding interest in its claim computation;

3. NAT, as an under-secured creditor, is not entitled to any interest or attorney fees; and

4. NAT has included attorney fees which have not been reviewed by the Debtor or by the Court and which may not be reasonable.

/ / /

/ / /

## II.

## THE TREATMENT OF NAT'S CLAIM IS VERY GENEROUS

In its Plan, Debtor could have bifurcated NAT's claim pursuant to §506(b).[1] NAT would have a secured claim of $1.4 million and an unsecured claim in an unknown amount. Further, NAT would have been deprived of any post-petition interest and any right to recover its attorney fees. NAT would have been faced with two options.

Option 1: receive $1.4 million at a commercially reasonable interest rate, the 3.75% interest rate set forth in NAT's note (as amended) would appear to be reasonable in the current market, and little or nothing on its unsecured claim of as much as $1.4 million (depending on which of NAT's figures is correct).

Option 2: receive a total of $2.8 million (again, depending on which of NAT's figures is correct) at zero interest over a much longer plan.

As the plan now exists, Debtor is proposing to pay the full amount of NAT's ultimately allowed claim, <u>including</u> interest and attorney fees by the conclusion of a 5 year period, including a $300,000 down payment which reduces the amount of its claim (again, depending on which of NAT's numbers you believe) to the approximate fair market value of the property.

From a business perspective it is difficult to understand the reason for NAT's objection.

## III.

## THE PLAN SATISFIES §1129(A)(11)

Debtor has cited authority supporting a confirmation standard

---

[1] Debtor reserves the right to amend its plan and take full advantage of the benefits afforded under the Bankruptcy Code if NAT continues to pursue its opposition.

of "reasonable prospect of success" and "workable". The guaranty generally sought by creditors, including NAT, is not required.

As demonstrated in Debtor's confirmation brief, the property has, during the pendency of this case, generated rental income in excess of $6,500. The interest only payment to NAT would be $5,625. The plan is, therefore, feasible. NAT also retains its lien on the property so that if Debtor defaults, NAT is free to complete its foreclosure. No further reorganization is required or likely.

NAT relies on In re Haard, 65 B.R. 697 (Bcy.E.D.PA 1986). The debtor's plan relied on refinancing three properties, two of which were lost to foreclosure during the bankruptcy case. Here the Debtor has historical evidence of its commitment to the property, is willing to contribute more than $300,000 of fresh capital, and has historical evidence of its ability to make ongoing interest only payments. The Haard case is simply not analogous.

NAT relies on In re Seal Garden Motel & Apartments, 195 B.R. 294 (D.N.J. 1996). This case supports confirmation of Debtor's plan. The debtor was unable to pay operating expenses, property taxes, utility bills, failed to submit a plan for more than two years and ultimately submitted a plan which violated the absolute priority rule with equity contributing no new value. The creditor's feasibility argument was based on performance, or more correctly, lack of performance during the Chapter 11 plan. Despite those arguments, the plan was confirmed. On appeal the District Court sustained the feasibility finding in favor of the debtor, but reversed on absolute priority rule issues. In this case we have no absolute priority challenge and the case history reflects Debtor's

1  ability, not inability, to pay operating expenses.

2  The standard enunciated in <u>Pan Am Corp. v. Delta Air Lines,
3  Inc.</u>, 175 B.R. 438, 508 (S.D.N.Y. 1994) is

> "proof through reasonable projections that there will be sufficient cash flow to fund the plan and maintain operations according to the plan. Such projections cannot be speculative, conjectural or unrealistic." James F. Queenan, Jr. et al., 5 Chapter 11 Theory & Practice § 30.04 (1st ed. 1994) (citing In re Nelson, 84 B.R. 90, 93 (Bankr.W.D.Tex. 1988)); see also In re SM 104 Ltd., 160 B.R. 202, 234-37 (Bankr.S.D.Fla.1993).

In this case, Debtor has provided Monthly Operating Reports reflecting ability to pay ongoing operating expenses and a projection based on that history reflecting the ongoing ability to do the same. Those projections are supported by NAT's own figures which appear on page 4, lines 1-2.

### IV.

### CONCLUSION

Based upon the analysis and arguments presented herein, the Debtor's Disclosure Statement and Amended Plan, the Debtor is entitled to confirmation of its plan of reorganization and respectfully requests that its plan be confirmed.

Dated: May 3, 2010

LAW OFFICES OF DAVID A. TILEM

By _____
David A. Tilem, counsel for Debtor and Debtor-in-Possession

| In re: The Andalucia Project, LLC | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 1:09-21502-MT |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
206 N. Jackson Street, Suite 201
Glendale, CA 91206

A true and correct copy of the foregoing document described as **Debtor's Reply to Objections by NAT to Confirmation of Debtor's First Amended Chapter 11 Plan of Reorganization** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 5/3/10 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☑ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On 5/3/10 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 5/3/10 | Malissa Murguia | /s/ Malissa Murguia |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                F 9013-3.1

| In re: The Andalucia Project, LLC | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 1:09-21502-MT |

**ADDITIONAL SERVICE INFORMATION (if needed):**

Katherine Bunker: kate.bunker@usdoj.gov
Miguel A Ortiz: mortiz@grahamvaagelaw.com
David A Tilem: davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com; marcycarman@tilemlaw.com; ldiaz@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
United States Trustee: ustpregion16.wh.ecf@usdoj.gov
Susan L Vaage: svaage@grahamvaagelaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

## Service List

Katherine Bunker
Office of United States Trustee
21051 Warner Center Lane #115
Woodland Hills, CA 91367


Honorable Maureen A. Tighe
United States Bankruptcy Court
21041 Burbank Blvd., #325
Woodland Hills, CA 91367


Susan Vaage
Miguel Ortiz, Esq.
500 N. Brand Blvd., #1030
Glendale, CA 91203