# EXHIBIT H

# PROMISSORY NOTE

# PROMISSORY NOTE PURSUANT TO SECOND

# AMENDED PLAN OF REORGANIZATION

$_____                                                    _____, 2010

    The Andalucia Project, LLC ("Borrower") promises to pay to the order of NAT Management Group, Inc. ("Lender") in lawful money of the United States of America, the principal amount of _____ together with interest on the unpaid principal balance from _____, 2010 until paid in full. Payments shall be made to Lender at the following address:
_____
_____
_ or at such other address as Lender may designate in a writing which is delivered to Borrower.

    Interest shall accrue at the rate of _____ ( ) percent per annum.

    Payments shall be made on a monthly basis commencing on the 30th calendar date following the Effective Date of Borrower's confirmed Second Amended Plan of Reorganization. The payments shall be fully amortized such that the obligation shall be fully satisfied and retired upon payment of the 360th monthly installment hereunder.

    This note may be prepaid, in full or in part, at any time without prepayment fee or penalty of any type.

    If any payment is 10 days or more late, Borrower will be charged ten (10) percent of the regularly scheduled payment.

    Lender may accelerate this obligation upon Borrower's default provided that: (1) Lender has given Borrower a written notice of not less than thirty (30) days of Lender's intent to accelerate; (2) Borrower has failed to cure (or if the cure would require more than thirty (30) days, Borrower is making all reasonable efforts to cure) the default.

    The following shall constitute events of default giving rise to a right to accelerate:

        1.    Any failure by Borrower to make any payment

0175

under this Note for more than 30 days after it is first due;

    2.  Any failure by Borrower to comply with any term, obligation, covenant or condition contained in the Deed of Trust of even date which secures this Note.

    3.  The commencement of any foreclosure or forfeiture proceeding of any type or nature against the collateral by any other lender or creditor holding a security interest in the collateral senior to that of NAT.

In the event of any dispute regarding the terms of this Note, the prevailing party shall be entitled to recover its reasonable attorney fees.

To the extent permitted by law, the parties hereby waive any right to any jury trial.

This Note shall be governed by the laws of the State of California.

Borrower acknowledges that this Note is secured by a Deed of Trust of even date on real property located at _____  _____, Los Angeles, California.

If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them.

The terms of this Note may not be modified absent a further written agreement signed by both Lender and Borrower (or their successors in interest).

                      THE ANDALUCIA PROJECT, LLC

                      By: _____
                           Arthur Aslanian,
                           Managing Member

# EXHIBIT I

# DEED OF TRUST

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO

NAME

ADDRESS

CITY
STATE & ZIP

# SHORT FORM DEED OF TRUST

**This Deed of Trust,** made this                day of                                                                , between

, herein called Trustor,

whose address is _____

_____herein called Trustee, and

, herein called Beneficiary,
**Witnesseth:** That Trustor **IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE,** that property in                                                          County, California, described as:

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.
**For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $_____ executed by Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of said property may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.
**To Protect the Security of This Deed of Trust, Trustor Agrees:** By the execution and delivery of this Deed of Trust and the rate secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded October 23, 1961, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| COUNTY | DATE | BOOK | PAGE | COUNTY | DATE | BOOK | PAGE | COUNTY | DATE | BOOK | PAGE | COUNTY | DATE | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| IMPERIAL | 9/10/68 | 1267 | 574 | ORANGE | 9/6/68 | 8714 | 147 | SAN BERNARDINO | 9/6/98 | 7090 | 14 | SANTA BARBARA | 9/6/68 | 2244 | 922 |
| KERN | 9/6/68 | 4195 | 363 | VENTURA | 9/6/68 | 3363 | 84 | SAN LUIS OBISPO | 9/10/68 | 1489 | 429 | LOS ANGELES | 8/28/68 | T5910 | 842 |
| RIVERSIDE | 9/10/68 | | | ACCOUNT = 87097 YEAR 1968 | | | | SAN DIEGO | 9/10/68 | | | SERIES 9 BOOK 1968 PAGE 155820 | | | |

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.
The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

STATE OF CALIFORNIA

COUNTY OF _____} SS.

_____

_____,

On _____ before me, _____
personally appeared _____
_____
_____
personally known to me (or proved to me on the basis of satisfactory
evidence) to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that he/she/they exe-
cuted the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the en-
tity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

Signature_____

178

## DO NOT RECORD

The following is a copy of provisions (1) to (14), inclusive, of the fictitious deed of trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein

## To Protect the Security of This Deed of Trust, Trustor Agrees:

(1) To keep said property in good condition and repair, not to remove or demolish any building thereon, to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit, suffer or permit any act upon said property in violations of law to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general

(2) To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed

(4) To pay at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock, when due, all incumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto, all costs, fees and expenses of this Trust

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his rights either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may reconvey any part of said property, consent to the making of any map or plot thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary state that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "The person or persons legally entitled thereto." Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them)

(10) That as additional security, Trustor hereby give to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person , by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees. Upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby .

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof, all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby whether or not named as Beneficiary herein in this Deed, whenever the context so requires ,the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

179

**DO NOT RECORD**
## REQUEST FOR FULL RECONVEYANCE
To be used only when note has been paid:

To _____, Trustee, Dated _____

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

By _____

**MAIL RECONVEYANCE TO:**

By _____

_____

_____

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

180

| In re: | CHAPTER | 11 |
|---|---|---|
| **THE ANDALUCIA PROJECT, LLC,**  Debtor(s). | CASE NUMBER | 1:09-bk-21502-MT |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 206 N. Jackson St., Suite 201, Glendale, California 91206.

A true and correct copy of the foregoing document described **NOTICE OF MOTION AND MOTION TO AMEND CHAPTER 11 PLAN OF REORGANIZATION UNDER 11 U.S.C. § 1127; POINTS AND AUTHORITIES; DECLARATION IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _May 21, 2010_ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Katherine Bunker    kate.bunker@usdoj.gov
- Sylvia Ho    SylviaHo@TilemLaw.com, malissamurguia@tilemlaw.com;marcycarman@tilemlaw.com;ldiaz@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- Miguel A Ortiz    mortiz@grahamvaagelaw.com
- David A Tilem    davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;marcycarman@tilemlaw.com;ldiaz@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Susan L Vaage    svaage@grahamvaagelaw.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On ___May 21, 2010___ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 21, 2010 | Bree Anderson | /s/-Bree Anderson |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    Page 1 of 4    F 9013-3.1

| In re: THE ANDALUCIA PROJECT, LLC, Debtor(s). | CHAPTER 11 |
|---|---|
| | CASE NUMBER 1:09-bk-21502-MT |

## II. SERVED BY U.S. MAIL (continued):

Employment Development Dept.
Bankruptcy Group MIC 92E
P. O. Box 826880
Sacramento, CA 94280-0001

Franchise Tax Board
ATTN: Bankruptcy
P. O. Box 2952
Sacramento, CA 95812-2952

Internal Revenue Service
P O Box 21126
Philadelphia, PA 19114-0325

L.A. County Tax Collector
Bankruptcy Unit
2615 S. Grand
Los Angeles, CA 90007-2668

Los Angeles City Clerk
P. O. Box 53200
Los Angeles, CA 90053-0200

NAT Real Estate Investments
Management Group Inc.
500 N. Brand Blvd., Ste. 1030
Glendale, CA 91203

Securities & Exchange Commission
5670 Wilshire Blvd., 11th Floor
Los Angeles, CA 90036

The Andalucia Project, LLC
14900 Ventura Blvd., #220
Sherman Oaks, CA 91403

San Fernando Valley Division
21041 Burbank Blvd,
Woodland Hills, CA 91367-6603

American Acceptance Corp.
23251 Mulholland Drive
Woodland Hills, CA 91364

Amir Pirbadian, Inc
5435 Balboa Blvd. #212
Encino, CA 91436

Arthur Aslanian
14900 Ventura Blvd. #220
Sherman Oaks, CA 91403

Athens Services
P. O. Box 60009
City Of Industry, CA 91716-0009

Christianson Design And Drapery
20299 Via Cellini
Porter Ranch, CA 91326

City Of Los Angeles
200 North Spring Street, Rm 721
Los Angeles, CA 90012

DEPT OF WATER AND POWER
CITY OF LA - ATTN BANKRUPTCY
POB 51111
LOS ANGELES CA 90051-5700

Department Of Water And Power
P. O. Box 30808
Los Angeles, CA 90030-0808

Gary Garver
13317 Woodbridge Avenue.
Sherman Oaks, CA 91423

Gary Garver
4235-4241 N. Fulton Avenue
#13317
Los Angeles, CA 91423

JMBM
1900 Avenue Of The Stars
Los Angeles, CA 90067-4308

Jamie LeBlanc And Jennifer
Hansom
13309 Woodbridge Avenue.
Sherman Oaks, CA 91423

Jamie LeBlanc And Jennifer
Hansom
4235-4241 N. Fulton Avenue
#13309
Los Angeles, CA 91423

John R. Hanzlik Associates, Inc.
7100 Hayvenhurst Avenue, Suite 301
Van Nuys, CA 91406

KRISTI JANSMA
4485 1/2 HAZELTINE AVE
SHERMAN OAKS CA 91423

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009   Page 2 of 4   F 9013-3.1

| In re: THE ANDALUCIA PROJECT, LLC, Debtor(s). | CHAPTER 11 |
|---|---|
| | CASE NUMBER 1:09-bk-21502-MT |

## II. SERVED BY U.S. MAIL (continued):

Kristi Jansma
13311 Woodbridge Avenue.
Sherman Oaks, CA 91423

Kristi Jansma
4235-4241 N. Fulton Avenue
#13311
Los Angeles, CA 91423

Loreno Gonzalez
4235-4241 N. Fulton Avenue
#4243.5
Los Angeles, CA 91423

Loreno Gonzalez
4243 1/2 N. Fulton Avenue
Sherman Oaks, CA 91423

Los Angeles County Tax Collector
225 North Hill Street
Los Angeles, CA 90012

NAT Real Estate Investments
Mgmt Gr
9190 West Olympic Blvd., #311
Beverly Hills, CA 90212

Namir
4235-4241 N. Fulton Avenue
#4241.5
Los Angeles, CA 91423

Namir
4241 1/2 N. Fulton Avenue
Sherman Oaks, CA 91423

Oscar Monarrez
4235-4241 N. Fulton Avenue
#4241
Los Angeles, CA 91423

Oscar Monarrez
4241 N. Fulton Avenue
Sherman Oaks, CA 91423

Overland Traffic Consultants
27201 Tourney Rd #206
Santa Clarita, CA 91355

Reliable Graphics
15013 Califa Street
Van Nuys, CA 91411

Roya Alamdari
13319 Woodbridge Avenue.
Sherman Oaks, CA 91423

Roya Alamdari
4235-4241 N. Fulton Avenue
#13319
Los Angeles, CA 91423

Sam Aslanian
19951 Turnberry Drive
Tarzana, CA 91356

Sammy Montero
13315 Woodbridge Avenue.
Sherman Oaks, CA 91423

Sammy Montero
4235-4241 N. Fulton Avenue
#13315
Los Angeles, CA 91423

Shahin Sharpar & Panteha Nikain
4235-4241 N. Fulton Avenue
#4243
Los Angeles, CA 91423

Shahin Sharpar & Panteha Nikain
4243 N. Fulton Avenue
Sherman Oaks, CA 91423

Tax And Business Consulting
Group
1211 N. Pacific Avenue
Glendale, CA 91202

Teresa Garcia
4235-4241 N. Fulton Avenue
#4237
Los Angeles, CA 91423

Teresa Garcia
4237 N. Fulton Avenue
Sherman Oaks, CA 91423

United States Trustee (SV)
(ATTN: Katherine Bunker)
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

Michael Abergel
Abergel & Associates Inc
26560 Agoura Rd Ste 203
Calabasas, CA 91302

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                Page 3 of 4                F 9013-3.1

| In re: | | CHAPTER | 11 |
|---|---|---|---|
| THE ANDALUCIA PROJECT, LLC, Debtor(s). | | CASE NUMBER | 1:09-bk-21502-MT |

## II. SERVED BY U.S. MAIL (continued):

Susan L. Vaage
500 N. Brand #1030
Glendale, CA 91203

NAT Real Estate Investment
Management Group
Arash Naghdi
11111 Santa Monica Blvd., #1400
Los Angeles, CA 90025

First Regional Bank
Steven J. Sweeney
1801 Century Park East, #800
Los Angeles, CA 90067

Via DDS Attorney Service:

Hon. Maureen A. Tighe
U.S. Bankruptcy Court - Central District of California
21041 Burbank Blvd, Suite 325
Woodland Hills, CA 91367

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.